## EX PARTE SIMS, EX'R.

[APPLICATION FOR MANDAMUS—PETITION TO ESTABLISH BILL OF EXCEPTIONS.]

1. *Courts, final adjournment of; power over judgments, after.*—After the final adjournment of a court, its judgments pass beyond its power and control, and become absolute, except for the purpose of correcting clerical errors and misprisions, where there is upon the record matter apparent enough to make such corrections, &c.; and no new trial can be granted, in such a case, at a subsequent term of the court.

2. *Act of December* 17, 1868, *and ordinance No.* 39 *of convention of* 1867 ; *what did not authorize.*—The act of the 17th of December, 1868, entitled "An act to declare void certain judgments, and to grant new trials in certain cases therein mentioned, and to repeal sections 2876 and 2877 of the Revised Code of Alabama," and the third section of an ordinance of the convention of 1867, entitled "An ordinance concerning the value of contracts, where the consideration was Confederate bonds or currency, and for the purchase of slaves," having been declared unconstitutional and void, give to the courts no jurisdiction or power to grant new trials in the cases therein named. Nor is such power given to the courts by the ordinance of said convention No. 39, except in cases where there is a meritorious defense ; and the fact that the contract upon which a judgment is rendered, was given in consideration of slaves bought and sold, constitutes no meritorious defense, provided good faith was observed between the parties in making such contract.

3. *Appeal; what not such final judgment as will authorize.*—The error in granting a new trial at a subsequent term of the court, can not be corrected by an appeal to this court, before final judgment ; for the reason, that an order granting a new trial, in such a case, is not a final order or judgment. The remedy to avoid such an error, is an application to this court for a *mandamus* to require the judge or court, making such an order, to vacate and set aside the same.

This was a petition to this court, by R. H. Sims, as executor of Berry Owens, deceased, to establish a bill of exceptions, and also for a writ of *mandamus*, to compel the Hon. J. Q. Smith, judge of. the circuit court for Montgomery county, to vacate and set aside a certain order made by him in said court, &c. The facts necessary to an understanding of the opinion, are set out therein.

MARTIN & SAYRE, for petitioner.

No counsel, *contra.*

PECK, C. J.—At the July term of the circuit court of Montgomery county, in the year 1867, petitioner, as executor of Berry Owen, deceased, recovered a judgment against Israel W. Roberts, for the sum of two thousand, three hundred and four dollars, on a bill of exchange drawn by one Samuel Lacy, on, and accepted by, said Roberts, dated December 29, 1859, and payable on the first day of January, 1861, for the sum of fifteen hundred dollars, to the order of said Lacy, who, before maturity thereof, indorsed said bill of exchange, to said deceased, in his life-time.

The petition states, that said bill of exchange not being paid at maturity, was duly protested, &c., and that said bill, at the commencement of the suit, was due and unpaid. The summons and complaint were duly served on said Roberts.

The judgment entry, made a part of said petition, states, that said Roberts came by his attorney, and withdrawing his plea, said nothing in bar or preclusion of plaintiff's demand ;· and thereupon, judgment was rendered for petitioner, for the said sum of two thousand, three hundred and four dollars, and the costs of said suit.

The petition also states, that afterwards, to-wit, on the 29th day of January, in the year 1869, said defendant, said Roberts, moved said court to have said judgment opened, and a new trial granted, on the grounds, that the original cause of action originated prior to the 25th day of May, 1865, and, also, to have said judgment to be declared null and void, on the grounds that the said bill of exchange was for the purchase-money of a slave. This motion was allowed by the court, and a new trial was granted.

On the hearing of this motion, the petitioner excepted to the ruling of the court, and a bill of exceptions was signed and sealed by the judge.

The petition states, that the bill of exceptions signed by the court, is not the one prepared by petitioner's counsel, which petitioner states was correct, and which was presented to said judge, the Hon. J. Q. Smith, to be signed, but which he refused to sign, but struck out and erased a part thereof, and inserted other matter, that is incorrect

and was not excepted to; and that the bill of exceptions, as signed, is untrue, and deprives petitioner of all the benefits of his exceptions as really made, &c.

The petitioner prays this court to establish his bill of exceptions, as set forth and presented in his petition. He also prays for a writ of *mandamus*, directed to the Hon. J. Q. Smith, judge of the circuit court of Montgomery county, commanding him to vacate the judgment of said court, rendered at the January term thereof, opening the said judgment of petitioner, in the said case against said Roberts, and granting him a new trial therein, and that the judge of said court be required to re-instate his said judgment against said Roberts, so set aside, &c., as aforesaid. The view we take of this case, renders it unnecessary to consider the question as to the bill of exceptions.

After the final adjournment of the court, by which the judgment of petitioner was rendered against the said Roberts, the said court ceased to have any power over the same, except that power that is incident to all courts of general jurisdiction over their judgments—that of correcting clerical errors, where the record affords matter upon which to base such correction. After final adjournment, the judgments of courts *become absolute and conclusive*, and the courts have no further power over them.—*Van Dyke v. The State*, 22 Ala. 54; and the case of *Weaver v. Lapsley*, decided at the Janury term of this court, 1869.

The circuit court of Montgomery, therefore, had no power to set aside the judgment in this case, and to grant a new trial, unless such a power was conferred by the act of the 17th December, 1868, entitled "An act to declare void certain judgments, and to grant new trials in certain cases therein mentioned; and to repeal sections 2876 and 2877 of the Revised Code of Alabama;" or, under the 3d section of ordinance No. 38 of the convention of 1867 of this State, entitled "An ordinance concerning the value of contracts, where the consideration was Confederate bonds or currency, and for the sale of slaves."

If said act and order were constitutional and valid, then the said circuit court would have had jurisdiction to grant the new trial in this case; but the whole of said act, and

the 3d section of said ordinance, have been declared unconstitutional and void by this court.—See the cases of *Sanders v. Cabaniss,* and *Weaver v. Lapsley,* at the last January term of this court, 1869, and the case of *McElvain v. Mudd, Adm'r,* at this term. Consequently, the said circuit court had no jurisdiction or power to set aside said judgment and grant a new trial.

The only ground alleged for setting the said judgment aside, and granting a new trial, as appears from the motion of said Roberts, is, that the said bill of exchange was given for the purchase of a slave, and for that reason, is alleged to be without consideration. The case of *McElvain v. Mudd, Adm'r, supra,* decides that the sale of slaves, after the date of the president's emancipation proclamation, and before the suppression of the late rebellion, is a sufficient consideration to support contracts. Certainly, then, such sales, made before the rebellion began, must be legal and valid.

The motion, and the order of the court on the same, granting a new trial, can not be sustained under the third section of the ordinance of said convention No. 39, for the reason, that no meritorious defense is disclosed. There is no merit in the fact, that the consideration for the said bill of exchange was the sale and purchase of a slave. The said court, therefore, set aside the said judgment, and granted the new trial, without any authority or legal ground for so doing.

The remedy for such an error, before final judgment, is an application to this court for a *mandamus,* to compel the court granting the new trial to set it aside, and to re-instate the judgment, and to issue execution on the same. No appeal will lie to reverse such an order, because it is not a final order or judgment.—*Broyles v. Maddox,* at last term.

Let an order *nisi,* in the nature of an alternative *mandamus,* issue, directed to the circuit court of Montgomery county, to be served on the judge of said court, commanding said court to vacate and set aside the order granting a new trial in said case, and to re-instate said judgment, and to issue an execution on the same ; or, that said judge show

cause, at the next term of this court, on the first motion day of the division of which said county of Montgomery forms a part, why he has not done so.