Buchannan v. Reese.

---

## BUCHANNAN *vs.* REESE.

[APPEAL FROM JUDGMENT ON NEW TRIAL GRANTED UNDER ORDINANCE NO. 39 OF 1867, AND REFUSAL OF COURT TO STRIKE CAUSE FROM DOCKET.]

1. *Motion to strike cause from docket and to set aside order granting new trial; when proper practice.*—At a rehearing of a cause, after new trial granted at a subsequent term of the court, under ordinance 39 of the convention of 1867, and the act of December 10th, 1868, extending it, it is a proper practice, when the grounds for granting a new trial were insufficient, to move to strike the cause from the docket and to set aside the order for a new trial.

2. *Same, when grant of new trial is vacated; party entitled to judgment of what date.*—The legislation referred to was special, and applied to peculiar circumstances, and the party is entitled to have his judgment of the date when he rightfully obtained it.

APPEAL from the Circuit Court of Russell.
Tried before Hon. LITTLEBERRY STRANGE.

At the fall term of the circuit court in 1867, the appellant, Buchannan, recovered a judgment against the appellee on a promissory note. At a special term of the court in January, 1869, the said defendant moved for a new trial, under an act of the legislature, passed October 10th, 1868,

extending until the 26th of June, 1869, the operation of ordinance No. 39 of the convention. This ordinance authorized the granting of new trial in all cases where the judgment was rendered between the 11th of January, 1861, and the date of the ordinance, to-wit, December 6th, 1867, upon affidavit showing a meritorious defense, provided the application was made in twelve months from its passage. The court granted this motion for a new trial. The ground upon which it was based was, that the consideration of the note was the purchase of slaves.

The cause was then returned to the docket to be heard again. At the fall term, 1869, it was called for trial, when the plaintiff moved to strike it from the docket on the ground disclosed by the above facts. The motion was overruled. The plaintiff next moved the court to set aside the order granting a new trial, made at the special January term, 1869, for the same reasons as alleged in favor of the other motion. This motion was overruled. The trial was proceeded with, and judgment was rendered for the defendant, under a charge of the court, that the purchase of slaves (which was made before the 27th of October, 1859,) was not a sufficient consideration for the note to sustain the plaintiff's action. From this judgment the appeal is taken; and all the rulings, as recited above, are assigned as error.

MARTIN & HOOPER, for appellant.
MCDONALD & GUNN, contra.

B. F. SAFFOLD, J.—In *Ex parte Sims*, (44 Ala. 248,) it was held that the proper practice to dispose of the new trial, granted at the special term, would have been to apply to this court for a *mandamus* directing it to be set aside. It was not a final judgment, and was granted under peculiar circumstances, by authority of special legislation, but on insufficient grounds. It was thought that the party was entitled to have his judgment of the date when he rightfully obtained it, if he so desired.

We decide, on the authority of this case, and of *Mudd*

*v. McElvain*, (44 Ala. 48,) that there was error in the refusal of the court to strike this case from the docket, to set aside the order for a new trial made at the special January term, 1869, and in the charge of the court as stated above.

The judgment is reversed, and the cause remanded.