## WORRELL v. THE STATE.

1. It is not necessary that an indictment for an offence created by statute, should pursue the very words of the act. The act inflicting a penalty on persons, "who buy, sell, or receive *from* any slave, any commodity," &c. is violated, by selling to a slave without the consent of the master.

Writ of Error to the Circuit Court of Marengo.

W. M. BROOKS, with whom was BYRD, for the plaintiff in error, insisted that the indictment did not charge an offence known to the law, and cited Clay's Dig. 437, § 8; 4 Porter, 410; 1 Bailey's Rep. 144; 2 Hill's (S. C.) Rep. 459; 6 S. & R. Rep. 5.

ATTORNEY GENERAL, for the State.

COLLIER, C. J.—The plaintiff in error was indicted for selling to a slave "a certain commodity, to wit: eight gallons of whiskey, without having first obtained the leave or consent of the master, owner or overseer of said slave, either

Worrell v. The State.

verbally or in writing for that purpose, contrary to the form of the statute," &c. The statute on which this indictment is founded is in the following words: "Every person who shall buy, sell, or receive from any slave any commodity of any kind or description, without the leave or consent of the master, owner or overseer of such slave, verbally or in writing, expressing the articles permitted to be sold or bartered, first obtained, shall, on conviction, be fined in a sum not less than ten, nor more than one hundred dollars, and may be imprisoned not more than three months." [Clay's Dig. 437, § 8.]

It is insisted that no conviction can be sustained under this act for selling to a slave, and that as an indictment should pursue the words of the statute on which it is founded, no indictment could be framed for such a charge, that would not be defective. The statute, it is true, would have expressed its meaning with more precision if the preposition "to," had followed the word "sell." But "from" cannot be regarded as an adjunct of "sell"—it must be applied to "buy" and "receive" only. Thus adjusting the terms employed, and so far as the present case is concerned, the act may with perfect propriety be thus read, "every person who shall sell any slave any commodity," &c. This conclusion is not the result of artificial or technical reasoning; but the reasonable and natural import of the language employed, and does not violate the rule which requres penal statutes to be strictly construed; but is in perfect harmony with it.

It is a mistake to suppose that an indictment should always pursue the very words of the statute, or that an indictment thus framed is, as a matter of course, unexceptionable. See Turnipseed v. The State, 6 Ala. R. 664, in which the law on this point is considered. But it will perhaps follow from what has been already said, that an indictment which follows the act in question will be good; if however, it be otherwise, we have seen that the indictment is sustainable, as the act makes the fact charged an offence.

There is no error in the record, and the judgment is therefore affirmed.