## SKAINS AND LEWIS *vs.* THE STATE.

1. When two are indicted for an affray, proof "that several months before the occurrence of the affray, they had fought together, on which occasion one had attempted to strike the other, and said he would kill him if he could get at him," is not admissible evidence against the one making the threat, when there is no proof connecting this rencounter with the affray for which the parties were on trial, or showing that the latter grew out of the former.

2. The eighth section of the third chapter of the Penal Code, (Clay's Digest. 413, § 8,) was intended to create a new offence, and attach to it a new penalty; and before the penalty denounced by it against the offender can be inflicted, the indictment must be framed in reference to the statute, and conform to its letter or substance.

3. When two are indicted for an affray at common law, it is erroneous for the court, by its instructions to the jury, to take away or limit their discretion with regard to the amount of the fine to be assessed in the event of a conviction.

4.. When there is a conflict in the testimony, a charge upon the facts of the case, which assumes the contested fact as proved, invades the province of the jury, and is properly refused.

ERROR to the Circuit Court of Butler.

Tried before the Hon. E. PICKENS.

The plaintiffs in error were indicted in the Circuit Court of Butler County for an affray, and on the trial, each of them excepted to the ruling of the court, and two bills of exceptions are found in the record.

From the bill of exceptions taken by Lewis, it appears, that proof was introduced which tended to show, that the defendants had a difficulty and a quarrel, in a grocery, a crowd of persons being assembled at the time. The proof also tended to show, that the house belonged to Lewis, and that the difficulty occurred in the house; that Lewis ordered the defendant, Skains, out of the house, but he refused to go, and threatened to whip Lewis; that Lewis was behind the counter, and took a gun, and cocked and presented it at Skains; that one Staggers, who was present in the grog shop, told him not to shoot; that Lewis then raised the muzzle of the gun above the range of Skains, and while it was so raised, it went off, the shot going into the roof of the house, entirely above the head of the defendant, Skains. The proof also tended to show, that Skains, about the time Lewis's gun fired, was getting a gun to shoot Lewis, and immediately after Lewis had fired, Skains shot at him. Several persons were present in the house at the time of the shooting.

Upon this proof, the court, after charging the law in relation to affrays, charged the jury, that if they found the defendants guilty of an affray, an assemblage of people being present, and found, also, that fire-arms were used, not in self-defence, they could not fine either of the defendants less than one hundred dollars, and might fine them five hundred, or imprison them six months. To this charge, the defendant, Lewis, excepted, and asked the court to charge the jury, that

if they found from the evidence that there was no attempt to shoot by Lewis, and that the gun went off without his intending it at the time, and the load went into the roof of the house, not in the direction of Skains, this would not constitute an assault by Lewis; which charge the judge gave, but with this qualification, that if Lewis intended to shoot, and the gun went off before he was ready, it would amount to an assault. To the refusal to give the charge asked without the qualification, the defendant, Lewis, excepted, and also excepted to the qualification given.

In the bill of exceptions taken by Skains, it appears, that the proof tended to show, that the defendants were at a house owned by Lewis, and used by him as a grocery; that many other persons were there at a justice's court; and that while they were there, in the house, a quarrel arose between the defendants, which commenced out of the house; Skains followed Lewis into the house; thereupon Lewis ordered Skains to go out of the house, and the latter started to go out, and while he was going towards the door, in an opposite direction from Lewis, the latter picked up his gun, which was loaded, and cocked, and presented it at Skains, upon which Skains sprang to the corner of the house near him, where a gun happened to be standing; and about this time, while Lewis was lowering his gun, as if again to point it, it fired considerably above the head of Skains, who was turning towards Lewis, and immediately after Lewis fired, Skains also fired his gun in the direction of Lewis. The proof also tended to show, that before Skains started out of the house, he told Lewis repeatedly that, if he would go out with him, he would whip him, manifesting a wish to fight. On this state of proof, the counsel for Skains asked the court to charge the jury, that, although they should find, from the proof, that Skains told Lewis that if ' , would go out of the house he would whip him, yet, if Skains started to go out of the house when ordered by Lewis, and while going out from where Lewis was, the latter drew and presented a loaded and cocked gun at him, that then Skains had a right to take up a gun which was near him and defend himself; which charge was refused, and Skains excepted.

The court then charged the jury as stated in the first

charge mentioned in the bill of exceptions of Lewis, to which Skains also excepted.

On the trial, the defendant, Lewis, offered to prove by a witness, that, several months prior to the affray at the grocery, the defendants had fought, and in that fight Skains attempted to strike Lewis with a piece of iron, and said if he could get at him he would kill him. This was said while Lewis was loading a musket. Skains objected to the introduction of this proof, unless it was directly connected with the affray for which they were then on trial. The court overruled the objection, and allowed the proof to go to the jury; to which Skains, by his counsel, objected.

The plaintiffs now severally assign errors. The errors assigned by Skains, are:

1. The refusal to charge as requested by Skains' counsel;

2. The charge given;

3. The admission of the evidence of the former affray.

The errors assigned by Lewis, are:

1. The charge given by the court;

2. The refusal to charge as requested, without the qualification.

3. The qualification given to the charge asked.

J. F. JOHNSON, for Skains; and WATTS, JUDGE & JACKSON, for Lewis.

M. A. BALDWIN, Attorney General, for the State.

LIGON, J.—The record presents two bills of exceptions, taken by the defendants in the court below, when on trial on an indictment for an affray.

It appears by the bill of exceptions certified and sealed at the instance of the defendant, Skains, that his co-defendant, Lewis, offered to prove, that, several months before the occurrence of the affray for which they were then on trial, the defendants had fought together, when the former had attempted to strike the latter with a piece of iron, and said if he could get at him he would kill him. To the introduction of this proof, without connecting the remark used by him on that occasion with the affray for which he was then on trial, the defendant, Skains, by his counsel, objected. The objec-

tion was overruled by the court, and the testimony was allowed to go to the jury, to which Skains excepted.

I cannot perceive what connection the conduct and language of Skains on the former occasion could possibly have with the affray for which he was put on his trial in the court below. The language used by him contains no threat of what he would do in future, but is the mere expression of an angry man, debarred of present vengeance by the interposition of others, and spoken when the party using it was laboring under the excitement of recent conflict with his adversary. There is no proof whatever that connects this rencounter with the affray for which the parties were on trial, or that the latter grew out of the former. The two crimes are distinct from, and independent of each other, and if it was desired to punish Skains for his conduct on the occasion of the first fight between himself and Lewis, he should have been indicted for it; but it is not allowable to prove it, for the purpose of aggravating the fine in a case with which it had no connection, and as to which all proof concerning it would be wholly irrelevant. That it did aggravate the fine of Skains in the case under consideration, we think is conclusively shown by the finding of the jury; for the difference in the amount of his fine, and that assessed against Lewis, can be reasonably accounted for on no other hypothesis.

We think, also, that the first charge set out in both bills of exceptions, cannot be supported under the indictment in this case. The statute in reference to which the charge is given, is in these words: "If any person shall be guilty of fighting in the streets of any city or town, or at any militia muster, or other place public in itself, or made public by any assemblage of people for any purpose whatever, and shall employ or use, during such fight, any fire arms or air gun, by discharging or attempting to discharge the same, unless in self-defence, such person shall, on conviction thereof, be fined in a sum not less than one hundred, nor more than five hundred dollars, or be imprisoned in the county jail for a term not exceeding six months, or both, at the discretion of the jury trying such offence." Clay's Dig. 413, § 8.

It is evident, from the language of this act, that the Legislature intended to create a new offence, and attach to it a new

penalty; when this is the case, the indictment must be framed in reference to the statute, and conform either to its letter or substance, before the penalty denounced against the offender can be inflicted. State v. Click, 2 Ala. 16; State v. Mahan, ib. 340; Worrell v. State, 12 ib. 732; State v. Bullock, 13 ib. 413.

The indictment in the case under consideration, is in the ordinary form of an indictment at common law for an affray, and was never intended by the pleader to be conformed to the provisions of the statute above cited. It was, therefore, clearly erroneous for the court, by its instructions to the jury, to take away or limit their discretion with regard to the amount of the fine to be assessed in the event of conviction.

As to the charge requested by Skains, it was rightly refused, for the reason that it is a charge upon the facts of the case, and, if given, would have invaded the province of the jury, to which alone belongs the right to weigh the testimony and draw deductions and inferences from it, especially where there is a conflict in the testimony, as in the present case. In such cases the court cannot assume, by its charge, that the contested fact is proved; the jury must judge of the credit of the witnesses, and settle that question for themselves.

The only remaining question in the case, involves the exceptions of Lewis to the charge asked for by him, and given, with a qualification, by the court. That charge is couched in such terms, that we cannot agree upon what interpretation should be given it, and, consequently, we express no opinion in reference to it.

For the error in allowing the proof objected to by Skains, as recited in his bill of exceptions, to go to the jury, and in the charge excepted to by both defendants below, the judgment must be reversed, and the cause remanded.