WARD vs. THE STATE.

1. Two or more persons may be jointly indicted for betting or being concerned in betting at a faro bank. (Clay's Digest 433 §§ 12, 14.)

2. Betting and being concerned in betting at a faro bank are different grades of the same offence, and may properly be charged in the same count.

3. A count charging the defendant with betting at a certain game of cards called "*faro*," is sufficiently certain.
4. It is not necessary that an indictment should be signed by the solicitor.
5. Where several persons are jointly indicted for betting at a faro bank, and the evidence shows that one of them only was engaged in the betting, he may be convicted, and the others acquitted.

ERROR to the Circuit Court of Pickens.

Tried before the Hon. B. W. HUNTINGTON.

The indictment in this case was against the plaintiff in error and eight other persons, and contained four counts. The first count charged, that the defendants "bet at a game played with cards, called "faro bank"; the second, that they "bet and were concerned in betting at a game with cards, called "faro bank"; the third, that they "bet at faro bank, then and there kept and exhibited for gaming"; and the fourth, that they "bet at a certain game of cards called faro." A demurrer was filed to the whole indictment, and a separate demurrer to each count, which were severally overruled.

A bill of exceptions was taken on the trial, from which it appears that the plaintiff in error was on his trial separately; that the evidence conduced to prove, that the betting as charged was his separate act; and that no one of the other persons named in the indictment was in any wise connected or concerned with him in the commission of the act. Upon this evidence the court was requested to instruct the jury, that, if the facts were established which the testimony conduced to prove, they should acquit the defendant; which charge the court refused, and the defendant excepted. The record also shows that a motion was made in arrest of judgment, on the ground of a misjoinder of defendants in the indictment, which was overruled.

S. F. HALE, for plaintiff in error.

M. A. BALDWIN, Attorney General, *contra*.

GOLDTHWAITE, J.—The first question presented upon the record is, as to the sufficiency of the indictment, which, it is insisted, is defective, for the reason that it appears upon each count that different persons were jointly indicted for separate violations of the same statute. The offence pro-

hibited by the statute is, the betting or being concerned in betting at either of the tables or games referred to in a preceding section, (Clay's Digest 433 §§ 12, 14;) and although the legislature seem, by the phraseology which they have adopted, to create a distinction between betting and being concerned in betting, we cannot suppose that they intended that two or more persons being present could not unite in a bet; the last expression employed was, we think, intended to meet the case of one who was interested in the result of the betting, without directing or uniting in the bets; as where a sum of money is given to another to be used in that way, leaving the play or betting to the discretion of the receiver. As more persons than one could unite in the bet, it follows that the objection to the indictment on the ground taken cannot be sustained.

The objection urged against the second count is of the same character; it is, that betting and being concerned in betting are separate and distinct offences. But this, at the most, is but a different grade of the same offence; and the rule is well settled in this court, that even in felonies two grades of the same offence, when visited with the same penalty, may be properly charged in the same count. The State v. Murphy, 6 Ala. 846; Mooney v. The State, 8 Ala. 328; and Dave v. The State, at the present term.

No question is made as to the sufficiency of the third count, nor are we able to perceive any valid ground on which the demurrer to it could have been sustained.

The fourth and last count simply charges the defendant with betting at a game of cards called "faro," which, it is insisted, is no offence known to the law. It is true, that this count would have been, technically speaking, more accurate, and perhaps attained a higher degree of certainty, if it had used the full name of the table or game which it was the object of the act to prohibit; but the true question here is, does the indictment, so far as this count is concerned, charge the offence contemplated, (Clay's Dig. 433 § 14,) with that degree of certainty which the rules of law applicable to this kind of pleading require? If it does, it is good; if it does not, it is defective. The degree of certainty which is required in indictments is, what upon a reasonable construction may be

called certain, without recurring to possible facts which do not appear, (1 Chitty's Pl. 234;) and, as a general rule, the indictment must state the facts and circumstances which constitute the offence alleged, with such precision and certainty that the defendant may demur or plead to the indictment—that he may know the offence charged with reference to the preparation of his defence, and that there may be no doubt as to the judgment to be given upon his conviction. Archbold's Crim. Pl. 39. In the present case, the offence which the count under consideration was intended to cover, was the betting at a faro bank. This term, "faro bank," is the one found in the statute, and as the construction and interpretation of statutes necessarily devolves upon the court; so the court is bound judicially to know the meaning of the terms which they use; and if it did not, it would often be impossible to direct the jury correctly, or to ascertain whether the defendant had been rightfully convicted. The court, therefore, is bound to know the meaning of the term "faro bank," as it is used by the statute, and indeed the exhibition of, and betting at these gaming tables have become, of late years, so much the object of legislative animadversion and legal penalty, that there is no difficulty upon that score. Its meaning is defined by our law writers, (Bouv. Law Dic. Title, Faro;) and according to the same authority the terms "betting at faro" are equivalent to "betting at the game or table known as the faro bank." The expression "betting at faro" may not, perhaps, be understood by every one; but when understood, it has a certain and definite meaning, and conveys precisely the same idea as if the word "bank" was added. The word "faro," therefore, in the connection in which it is used in the fourth count of the indictment, is of equivalent import to the term "faro bank," as employed in the statute; and that being the case, it is sufficiently certain. Worrell v. The State, 12 Ala. 732; Bullock v. The State, 13 ib. 413.

Neither can the objection that the indictment was not signed by the solicitor, avail the defendant. The indictment receives its legal efficacy from being found and returned into court by a grand jury; and if it sufficiently charges the offence, and is so found and returned, that is all that is necessary.

From the bill of exceptions taken in the case it appears, that the defendant alone was on his trial, and that at the time when he was proved to have bet it was also shown that the other defendants did not unite, and were not concerned with him, but that the betting was his separate act; and upon this evidence the court was asked to instruct the jury, that, if such was the case, they must acquit the defendant. The legal proposition asserted by the charge requested was, that when two persons are indicted together for the commission of an offence, one cannot be convicted, if the evidence shows that he alone committed it. There is a class of offences which cannot be committed by less than a certain number, such as riots, conspiracies, &c.; and in these cases, unless the requisite number is proved to be guilty, the offence is not made out. But where one can commit the offence which is charged upon several, he may be convicted, and the others acquitted. Chitty's Crim. Law 271. There was no error in refusing the charge requested.

It results also from the views which we have expressed, that the motion in arrest of judgment was properly overruled. The only ground of the motion was, the misjoinder of defendants, which we have already considered.

There is no error in the record, and the judgment is affirmed.