## SMITH vs. THE STATE.

1. An indictment for keeping a billiard table in connection with a house where spirituous liquors are retailed, as an appendage thereto, is sufficient when it pursues the words of the statute literally. (Clay's Dig. 434, § 19.)

2. It is not necessary, in order to constitute a violation of the statute, that the billiard table should be kept in the same room, or under the same roof, where the spirituous liquors are retailed; if the one is contiguous to the other, and forms part and parcel of the same establishment, it falls within the statute.

ERROR to the Circuit Court of Sumter.

Tried before the Hon. B. W. HUNTINGTON.

The plaintiff in error was indicted for keeping "a billiard table in connection with a house where spirituous liquors are retailed, as an appendage thereto." Clay's Digest 434 § 19.

He demurred to the indictment, but his demurrer was over-ruled. On the trial a bill of exceptions was taken to the rulings of the court, from which it appears that the State introduced a witness who testified, "that the defendant kept a billiard table in the county shortly before the finding of the indictment, and that he also kept a house where spirituous liquors were retailed at the same time; that witness played at the table, and saw others playing; that he paid defendant twenty-five cents a game for playing at the table." It was also proved, that there had been, about the same time, playing by others at the table; sometimes there was no charge made, and sometimes there was a charge; the players sometimes came down into the defendant's bar and got liquor, and some-times it was sent up to them, they ordering it; but there was no rule, or regulation, or understanding, that the playing on the table should be for liquor, or that the players were to buy any of defendant, but the players made the game as they chose. The State also proved, that the house in which the billiard table was kept was a new building, standing near to, and immediately behind the house where the liquors were retailed, and on the same lot; the two buildings were not joined together, but there was a small interval between them, of such width as would naturally be caused by the projec-tion of the two roofs. The grocery was on the ground floor, next to the street, (in Livingston,) the back-door opening into the lower room of the new building, which last room defen-dant occupied as a cooking room for himself and such persons as might be living with him; a flight of stairs led to the room above, in which the billiard table was. This billiard room could be approached by a side door in the new building, opening into an alley running in from the street, without going into the grocery. The defendant proved, that he had a license to keep a billiard table, under the revenue act of 1850–1.

The court charged the jury, that if they believed the evi-dence, they must find the defendant guilty; and refused to charge, as requested by defendant's counsel, that if they be-lieved the business of retailing liquor was not connected with the billiard table, as that there was no rule, or habit, or under-standing between the players and the defendant, that those

who used the table should get liquors from him, they must find for defendant."

The overruling of the demurrer to the indictment, the charge given, and the refusal to charge as requested, are assigned for error.

BLISS & BALDWIN, for plaintiff in error.

M. A. BALDWIN, Attorney General, *contra.*

GIBBONS, J.—This indictment is founded upon an offence purely statutory, and from numerous decisions of this court in like cases, it is sufficient if the indictment charges the offence in the words of the statute, or in words tantamount to those employed by the statute. The State v. Click, 2 Ala. 26; State v. Duncan, 9 P. 260; State v. Stedman, 7 P. 495; Worrell v. The State, 12 Ala. 732; The State v. Bullock, 13 Ala. 413. The indictment in this case seems to have employed the words of the statute literally. The demurrer therefore was correctly overruled.

The court below charged the jury, that if they believed the evidence, they must find the defendant guilty. This charge necessarily involves the construction of the statute, in order to ascertain whether the proof made out the offence. It is lawful in the State of Alabama for any one obtaining a license, to retail spirituous liquors; it is also lawful for any one obtaining a license, to keep a billiard table. What then is the meaning of the statute creating the offence on which the indictment is founded? We understand its meaning to be, that although one duly licensed may retail or keep a billiard table, or do both at the same time under certain circumstances, yet he cannot unite the two at the same time and place. The statute seems to have regarded these employments, (although sanctioned by law,) as demoralizing in their nature; and while it permits them to be carried on separately, it prohibits them from being united in the same person, at the same time and place.

In our construction of the statute, it does not matter whether the billiard table is in the same room or under the same roof where spirituous liquors are retailed. If the one is contiguous to the other, and forms part and parcel of the

same establishment, it falls within it. The statute reads as follows: "Every person who shall keep a billiard table in connection with a house where spirituous liquors are retailed, as an appendage thereto, shall on conviction," &c. The phrase "as an appendage thereto," we understand to refer back to billiard table, and the billiard table is to be an appendage to the house where spirituous liquors are retailed. This phrase, "as an appendage thereto," is to be understood in the same sense as the word "appurtenance," or "out house," when applied to the main building on any given premises; meaning part and parcel of the same whole. We do not here undertake to say how far the billiard table must be separated from the bar-room, in order to render them separate establishments; but we do not hesitate to say that the proof in this case, according to our construction of the statute, made out the offence. There was therefore no error in the charge of the court.

The charge requested assumes, that in order to make out the offence, there must have been a rule or understanding between the billiard players and the defendant that they should get liquors from him. This, we think, an incorrect interpretation of the statute. The offence created by it is, as we have above stated, the uniting of the two employments in the same person, at the same time and place. Whoever does this, is guilty of the offence. The charge was properly refused, and the judgment is affirmed.