# Snider *v.* The State.

## Keeping Open Store on Sunday.

1. *Keeping open store for traffic on Sunday, is punishable.*—Under section 4443 of the Code, a merchant or shop-keeper, who keeps open store on Sun- day, is not punishable, unless the store is kept open for the purpose of traffic.

2. *Whether or not a store is kept open for the purpose of traffic is a question. for the jury.*—The purpose for which a store is kept open on Sunday is nec- essarily a question of fact to be found by the jury, under proper instructions. The transaction should be carefully scrutinized, and if on all the evidence,.

[Snider v. The State.]

the jury are convinced, to a moral certainty, that there was in fact a sale, and that it was so intended at the time, then they should not hesitate to render a verdict of guilty.

3. *Merely keeping a store open on Sunday without traffic is no violation of law.*—Sabbath traffic, particularly, in intoxicating liquors, is offensive to a religious community; and the statute intended for its repression should be faithfully enforced. But merely keeping the doors of a store open on the Sabbath is not a violation of the law, unless there is traffic on that day.

4. *The law does not require an election to be made when several sales are proven.*—When the testimony shows more than one sale on the Sabbath, the doctrine of election does not apply. The different sales are merely evidences of the intent with which the store is kept open.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JOHN HENDERSON.

The defendant was indicted at the spring term, 1877, of the Circuit Court of Coosa county, for keeping open store on Sunday. To this indictment he pleaded not guilty.

The defendant was a shop-keeper, and carried on a retail business in the town of Rockford. Besides liquors, he kept some other articles of merchandise for sale. He slept in a room in the back part of the building in which his store was kept.

One witness testified that, about christmas, 1876, he " often went to the defendant's place of business on Sunday mornings, and obtained a drink of whiskey," and had seen other persons do the same thing. He did not pay for the liquor at the time he drank it, nor did he see any one pay for liquor then. He had an account with the defendant, but did not know whether the liquor was charged to him or not.

The witness was asked "whether or not, at other times than those already mentioned, he ever got any spirits at the defendant's grocery, or saw others get drinks there within twelve months before the finding of this indictment?" The defendant objected to the question, on the ground that the State had already elected by proving sale or sales about christmas before the finding of the indictment. The court overruled the objection, and the defendant excepted.

The witness then said, he " had seen others go into the front room of the defendant and get whiskey on Sunday." The defendant objected to this evidence; but the court overruled the objection, and the defendant excepted.

"The court, among other things, charged the jury, that if the defendant, by his conduct, gave the public to understand that persons, desiring, could get spirits by the drink on Sundays, and by permission of the defendant such persons visited his store and got spirits to drink when they wanted it on Sundays, whether they went to the store-room and got it them-

(6)

[Snider v. The State.]

selves, or the defendant delivered it to them, and whether it was paid for by them or not, if it was in Coosa county, and within twelve months before the finding of the indictment, the defendant would be guilty as charged in the indictment." To this charge the defendant excepted, and asked the court to give the following charges, which were in writing :

"That before the jury can find the defendant guilty, as charged in the indictment, they must believe, from the evidence, beyond a reasonable doubt, and to a moral certainty, that the defendant was a merchant or shop-keeper, and that he kept open store on Sunday, for the purpose of selling goods, wares and merchandise, or other articles kept in said store, on Sunday."

"If the evidence of Pond (the witness) tends to show to the jury that the defendant kept open store on Sunday, about christmas, then they cannot look to the evidence of any other act for the purpose of conviction under this indictment.

"There can be no violation of law without an intention upon the part of the violator, and before the jury can find the defendant guilty, they must believe from the evidence in this case, beyond all reasonable doubt, and to a moral certainty, that the defendant kept open store on Sunday, with intent to carry on a trade or traffic in goods, merchandise, or other articles in the house, which it is alleged he kept open on Sunday."

The court refused to give the said charges, and to each refusal the defendant separately excepted.

S. J. DARBY and L. E. PARSONS, JR., for appellant.—The fact that a store door is allowed to stand open on Sunday, does not constitute the offence of keeping open doors on Sunday. The purpose must have been to trade on Sunday, and the offence is complete when the purpose to trade, or trading is done, whether the doors are open or not.

An indictment is insufficient when the prosecution must prove more than its allegations, to convict.

The State having elected to proceed for the act proven about christmas, should have been confined to that act. Keeping open doors for the purpose of trade, on each Sunday, is an offence complete in itself.   Under the ruling of the court, it would be impossible to sustain a plea of *autre fois acquitor convict* on a trial for a like offence charged within twelve months before the finding of the indictment.—2 Green. Ev. § 86 ; 1 Bish. Crim. Pro. § 461 ; *Elam v. The State*, 26 Ala. 48 ; *Cochrane v. The State*, 30 Ala. 542.

[Snider v. The State.]

When one act constitutes the offence, evidence of any act is an election, and the State cannot introduce evidence of any other act or offence.—*Elam v. The State, supra.*

The fact that the charge contains the words to " a moral certainty " does not render the charge erroneous.—*Mose v. The State,* 36 Ala. 341.

JOHN W. A. SANFORD, Attorney-General, *contra.*

STONE, J.—The defendant was indicted under section 4443 of the Code of 1876, which enacts that " any person . . . who, being a merchant or shopkeeper (druggists excepted), keeps open store on [Sunday], must, for the first offence, be fined not less than ten, nor more than twenty dollars," &c. The indictment charges that the defendant, " being a retailer of spirituous liquors, or merchant, or shopkeeper, and not a druggist, did keep open store on the Sabbath." The indictment does not pursue the statute literally, but its averments bring it substantially within the statute.

What is meant by the terms, " keeps open store ?" We do not think it can be the simple fact, accidental or otherwise, that the door of the store or shop is open, or kept open. A store and the proprietor's dwelling are sometimes in the same house and on the same floor; and the opening of one results in the opening of the other. The legislature did not intend to prohibit or punish an act like this. What they intended was to prohibit the keeping of open store, or open doors, for purposes of traffic. It was this which was considered offensive to morals. If the defendant kept his store, or the door of it, whether front or rear, open on the Sabbath, and by means thereof sold merchandise, or other articles or commodities kept there for sale, then he violated the statute ; and it makes no difference whether he himself dealt out the commodity, or permitted his customers to wait on themselves. The inquiry should be sale *vel non.* If the parties intended a sale, whether payment was presently made, or expected to be made afterwards, the statute was violated. And the store being open, one sale would constitute the offence.—*Smith v. The State,* 50 Ala. 159.

The purpose for which the defendant keeps open store on Sunday, is necessarily a question of fact and intent, to be found by the jury under proper instructions. Men who violate the law, rarely give publicity to their purpose. Artifice is frequently resorted to by law-breakers, with a view of concealing their real design. Circumstances should be scanned

[Green et al. v. The State.]

with earnest vigilance, that the real transaction be made to appear. And if, in survey of all the facts, the jury are convinced to a moral certainty that there was in fact a sale, and that it was so intended at the time, then they should not hesitate to pronounce the defendant guilty. Sabbath traffic, particularly in intoxicating drinks, is offensive to the moral sense of a religious community, and the statute intended for its repression should be faithfully enforced. But merely keeping the door of a store open on the Sabbath is not a violation of the law, unless then he traffic on that day.

The particular offence we are considering, is "keeping open store" on the Sabbath. A sale, or sales, made on that day, are but evidence to consummate the offence. They are ingredients, but not the statutory misdemeanor the legislature intended to repress. We do not think the doctrine of election applies to these mere evidences of the intent of one charged with keeping open store on the Sabbath.

If defendant was a druggist, this was defensive evidence for him to offer. It was not necessary for the prosecution to disprove it.—*Farrall v. The State*, 32 Ala. 557.

Several of the rulings of the Circuit Court are not in harmony with our views above expressed.

Reversed and remanded. Let the defendant remain in custody until discharged by due course of law.