# Green *et al. v.* The State.

## *Indictment for Fornication or Adultery.*

1. *Jurisdiction of Circuit Court ceases when that of County Court attaches.* The statute, "in relation to the trial of misdemeanors in Tuskaloosa and other counties therein named," requiring the Circuit Court to transfer to the County Court indictments for misdemeanors, declares the transfer must be ordered, and the papers, with a certified copy of all docket entries and minutes of proceedings had therein, delivered to the County Court before the jurisdiction of the Circuit Court ceases.

2. *Until order of transfer is made, jurisdiction does not cease.*—No order of transfer had been made in this case; neither the jurisdiction of the County Court had attached, nor that of the Circut Court had terminated. A demurrer to a plea to the jurisdiction of the Circuit Court was, in view of these facts, properly sustained.

3. *Marriage may be proved by confession and cohabitation.*—Marriage may be proved by cohabitation and the confessions of the parties. Whether these are sufficient and convincing evidence of the fact depends on their connection and consistency with other facts which may be found in the particular case.

[Green et al. v. The State.]

4. *A charge that declarations and conduct were evidence is calculated to mislead.*—An instruction to the jury, at the request of the defendants, that their declarations and conduct were evidence of marriage, without explanation or qualification would confuse and mislead, and was properly refused.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

Aaron Green and Julia Chesser, *alias* Julia Green, were indicted at the fall term, 1876, of the Butler Circuit Court, for "living together in a state of fornication or adultery." At the next term of the court the defendant filed a plea to its jurisdiction in these words : " Defendants, for plea in this case, say that this court ought not to take or have jurisdiction thereof, and that it should not be tried in this court, because, they say, this cause is a misdemeanor, and was pending and untried in the Circuit Court at the adjournment of the last fall term, 1876, of the Circuit Court of Butler county, but had been continued before the adjournment of the court, and should have been transferred to the County ·Court of Butler for trial ; and that the case being continued before the adjournment thereof, at said fall term, 1876, of the Circuit Court of Butler county, left it still pending and untried in the Circuit Court, and was such a case as should have been transferred to the County Court on the adjournment of the Circuit Court; and, as it was not then transferred, should now be transferred to the County Court of Butler for trial and this they are ready to verify."

To this plea a demurrer on the part of the State was interposed. It was sustained by the court, and the defendants excepted. They then pleaded "not guilty."

On the trial of the case it appeared that Aaron Green, a negro man, and Julia Green, a white woman, had lived together for several years ; and on or about the first of January, 1876, went to the premises of Mr. McCrary, by whom they were employed as laborers. They represented themselves as married, and were known and recognized as husband and wife in the community. A marriage license, issued by the judge of probate of Butler county, dated the 11th day of July, 1876, and authorizing the celebration of the rites of marriage between Aaron Green and Julia Adkinson, was introduced as evidence by the State. On the license, ·under the signature of the judge of probate, were the following words :

" The above named were married by me, at Milt. Maycraries', on the 13th day of July, 1876.

"Elder ROBERT POUNDS."

[Green et al. v. The State.]

The defendants offered no evidence ; but asked the court to give the following charge, which was in writing :

"If the jury believe, from the evidence, that the defendants came to Mr. McCrary's, and represented themselves as man and wife, and openly and notoriously lived together and cohabited as man and wife, this would be evidence of marriage between the defendants."

The court refused to give the charge, and the defendants excepted.

THOS. H. WATTS, for appellants.

JOHN W. A. SANFORD, Attorney-General, contra.—1. The demurrer to the plea in abatement was properly sustained. Acts 1874-5, p. 235.

2. Marriages between white persons and negroes, or the descendants of negroes to the third generation inclusive, are forbidden by the laws of this State.—Code, § 4189. Therefore the cohabitation between such parties, under the sanction of a license, and pretended marriage, is no defence to this indictment.—Ellis v. The State, 42 Ala. 525 ; Ford v. The State, 53 Ala. 150.

BRICKELL, C. J.—The plea to the jurisdiction of the Circuit Court was not well founded. The statute requiring the Circuit Court to transfer to the County Court indictments for misdemeanors, in express terms declares the transfer must be ordered, and the papers with a certified copy of all docket entries and minutes of proceedings had therein delivered to the County Court, before the jurisdiction of the Circuit Court ceases.—Pamph. Acts 1874-5, p. 235. The transfer not having been ordered in this case, nor the papers and proceedings certified to the County Court, the jurisdiction of that court had not attached, nor had the jurisdiction of the Circuit Court terminated.

Marriage may be proved by cohabitation, and the confessions of the parties. Whether these are sufficient and convincing evidence of the fact, depends on their connection and consistency with other facts which may be found in the particular case. When taken in connection with these facts, it may appear the cohabitation was criminal, and the confessions untrue in fact, and it may be, fabricated to avoid the consequences of the illicit cohabitation. The cohabitation had in this case been shown by the State, and was the essential element of the offence with which the defendants are

charged.  Their declarations that they were man and wife, connected with the fact that they openly lived together as such, had been received in evidence without objection.  An instruction to'the jury, at the request of the defendants, that their declarations and conduct *were evidence of marriage*, without explanation, or qualification, could have no other effect than to confuse and mislead.  The evidence was before the jury, and they would necessarily consider it in connection with the other evidence.  A naked instruction that the facts were evidence of marriage, would invite the inquiry at once as to the' character of the evidence.  Whether the declarations and conduct were mere facts and circumstances tending to prove marriage, or mere *prima facie* evidence,,or were conclusive evidence of the fact, without further instructions the jury could not determine.  A court commits no error in refusing a charge requiring explanation or qualification, or which has an obvious tendency to mislead the jury.  *Swallow v. State*, 22 Ala. 20.

There is no error in the record, and the judgment must be affirmed.