# Dixon *v.* The State.

*Indictment for Keeping Open Store on Sunday.*

1. *Keeping open store on Sunday; constituents of offense.*—A conviction may be had for keeping open store on Sunday (Code, § 4443), on proof of a single sale on that day, and even without proof of an actual sale, when the evidence satisfactorily shows that the defendant manifested, by word or deed, a willingness to afford access to customers, and to do business on that day; but a single sale, made in an emergency, and for a specific purpose, would not be a violation of the statute; nor can it be affirmed, as matter of law, that a single sale, without other evidence of criminal intent, would be a violation of the statute.

2. *Same; evidence explaining sale.*—A single sale of liquor being the only act proved against the defendant, he may show, as illustrating his intention, that he sold the liquor because of sickness in the family of the purchaser.

FROM the Circuit Court of Covington.
Tried before the Hon. JNO. P. HUBBARD.

JNO. D. GARDNER, for the appellant.

T. N. McCLELLAN, Attorney-General, for the State, cited *Snider v. The State*, 59 Ala. 64; *Com. v. Harrison*, 11 Gray, 308; 34 Ark. 447; 33 Mich. 279; Bish. Stat. Cr. 1070*a*.

SOMERVILLE, J.—The defendant is indicted for keeping open store on Sunday, in violation of section 4443 of the present Code (1876) of Alabama. The court, in effect, charged the jury, that the making of a single sale of merchandise without regard to the circumstances of the case, if done on Sunday, constituted a violation of the law.

The design of the statute is to prevent the traffic of merchandise as a business on the Sabbath, excepting only the sale of drugs. By keeping "open store" we are to understand the keeping of a store accessible to such as desire to enter for the purpose of traffic.— *Commonwealth v. Harrison*, 11 Gray, 308; Bishop Stat. Crimes (2d Ed.), § 1070*a*. It is immaterial whether the doors of the building are kept open or closed, save as an index of intention, or as affording a medium of proof; or whether entrance is gained through a front or back door. It is sufficient, if the defendant discloses, by words or acts, his willingness to afford admittance to those who apply for the purpose of buying, or trading in merchandise, and keeps his

[Ellis v. The State.]

store in such condition that access to it may be had on the Sabbath day.—*Kroer v. The People*, 78 Ill. 294. This being so, as said in *Snider v. The State*, 59 Ala. 64, one sale would constitute the offense. It might have been added, that the offense could be consummated without the making of any actual sale, although the making of satisfactory proof, in such a case, would be very difficult.

We are of opinion, however, that a single sale does not, in all cases, violate the statute ; for it may be made in an emergency, and for a specific purpose, without a keeping of open store. It was competent for the defendant to prove that he sold the liquor to the witness, Clark, because of sickness in the family of the purchaser ; in view of the fact that it illustrated his intention, in the absence of any evidence of other act of sale, or of his keeping his store open for access to other customers. The court erred in excluding this evidence, and also in the charge that a single sale, without other evidence of criminal intention, as matter of law, would constitute a violation of the statute.

Reversed and remanded.