(78 South. 454)

### Ex parte STOLLENWERCK.

### STOLLENWERCK v. STATE.

(2 Div. 660.)

(Supreme Court of Alabama. March 23, 1918.)

1. SUNDAY ⬩5—OPEN STORE—EXCEPTION OF DRUGGIST—SALES NOT OF DRUGS.

Code 1907, § 7814, providing that any person who, being a merchant or shop keeper, druggists excepted, keeps open store on Sunday, shall be fined, etc., makes a crime the keeping of open storehouse other than a drug store for purposes of traffic, and not the mere sales of articles other than drugs by a druggist.

2. CRIMINAL LAW ⬩304(2)—EVIDENCE—JUDICIAL NOTICE — MATTERS OF COMMON KNOWLEDGE.

Courts are not supposed to be ignorant of that which everybody knows.

3. CRIMINAL LAW ⬩304(2)—EVIDENCE—JUDICIAL NOTICE — MATTER OF COMMON KNOWLEDGE—DRUG STORES.

It is a matter of common knowledge that drug stores are not limited in their stock in trade to drugs, but that they carry tobacco, cigars, candies, soaps, toilet articles, and the like, as well as medicines and drugs, and that, in the absence of local laws, they are kept open on Sunday to sell the articles they carry.

4. SUNDAY ⬩5 — OPEN STORE — DRUGGIST —EVASION OF STATUTE.

Code 1907, § 7814, prohibiting any merchant or shop keeper, other than a druggist, to keep open store on Sunday, cannot be evaded by a mere pretense or subterfuge that one is a druggist.

5. INDICTMENT AND INFORMATION ⬩110(1) —STATUTORY OFFENSE—FORM PRESCRIBED— INSUFFICIENT CHARGE.

An indictment which does not sufficiently charge a statutory offense, and substantially follow the form prescribed by the Code for an indictment for such offense, is subject to demurrer.

Certiorari to Court of Appeals.

Clarence Stollenwerck was convicted of keeping open store on Sunday, and he appealed to the Court of Appeals, which affirmed (77 South. 52), and he petitions for certiorari. Writ awarded, judgment of the Court of Appeals reversed, and cause remanded.

R. B. Evins, of Greensboro, for appellant. F. Loyd Tate, Atty. Gen., and E. S. Thigpen, Asst. Atty. Gen., for the State.

MAYFIELD, J. The question presented by this application is whether or not a druggist violates section 7814 of the Criminal Code, which defines offenses against the Sunday law, by keeping open store and selling on Sunday soda water, tobacco, cigars, ice cream, candies, confectioneries, and toilet articles.

That part of the statute which alone can apply, and which the Court of Appeals held does apply, constituting such sales on Sunday a violation of the statute, reads as follows:

"[Any person who], being a merchant or shopkeeper, druggist excepted, keeps open store on that day, must, for the first offense, be fined not less than ten nor more than twenty dollars, etc." Code, § 7814.

The form of indictment which the Code provides, to charge an offense under this section, omitting immaterial and formal parts, reads as follows:

"A. B., being a merchant or shopkeeper, and not a druggist, kept open store on Sunday, against, etc." Code, p. 678, Form 107.

This court, in construing the above provisions of the statute and passing upon the sufficiency of averments to constitute the statutory offenses, has said:

"It is a well-established rule of criminal pleading that, if an offense is purely statutory, the indictment must pursue the words of the statute, so as to bring the defendant precisely within it. There is much conflict of authority as to the precision which must be observed in following the language of the statute. Some authorities require that the exact words of the statute must be employed. Others regard the rule as satisfied if words substantially the same, or equivalent—of the same legal import with the words of the statute—are used. This is the rule which has prevailed in this court from an early day. State v. Brown, 4 Port. 410; State v. Stedman, 7 Port. 495; State v. Duncan, 9 Port. 260; Turnipseed v. State, 6 Ala. 664; Worrell v. State, 12 Ala. 732; State v. Bullock, 13 Ala. 413; Skains & Lewis v. State, 21 Ala. 218. If the words employed in the indictment as descriptive of the offense have not the full signification of the words of the statute—if they are narrower in meaning—they cannot be deemed sufficient." Sparrenberger v. State, 53 Ala. 482, 483 (25 Am. Rep. 643).

In that case the indictment followed the language of the statute and the form prescribed, except that it used the word "shop" instead of "store"; and the court held it in-

─────────────

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 200 Ala. 689.

sufficient. In that case it was said, as to what was prohibited by the statute:

"The statute intends the prohibition of worldly avocations on the Sabbath. It is the keeping open the store for buying and selling, or for receiving and storing on that day, which is declared criminal."

In an earlier case, the one which first construed the statute in its present form, it was said:

"Our statute, which forbids the desecration of the Sabbath, * * * only forbids certain acts to be performed on that day. Rev. Code, §§ 1882, 3614. Having forbidden these acts, it cannot be intended that such as are not named were also included." Comer v. Jackson, 50 Ala. 386.

In a later case it was said:

"The particular offense we are considering is 'keeping open store' on the Sabbath. A sale, or sales, made on that day, are but evidence to consummate the offense. They are ingredients, but not the statutory misdemeanor the Legislature intended to repress." Snider v. State, 59 Ala. 68.

It is true that there is an expression in the case of Dixon v. State, 76 Ala. 89, to the effect that the design of the statute was to prevent the traffic in merchandise as a business on the Sabbath, excepting by the sale of drugs. It was not decided in that case, however, that mere sales of merchandise other than drugs would be a violation of the statute; but, on the contrary, the opinion held that such sales are not the statutory offense, but are merely evidence thereof, citing and following Snider's Case, 59 Ala. 64. This was followed in a later case.

"A merchant or shop keeper making a single sale on Sunday may not violate that statute, or he may violate it, subjecting himself to its penalties, by the keeping open store without making any sale. Dixon v. State, 76 Ala. 89. But without offending the statute first referred to he cannot make a sale, or any other contract, unless the facts or conditions exist which withdraw it from the operation of the statute." Wadsworth v. Dunnam, 117 Ala. 668, 23 South. 699.

In a still later case the Dixon and Snider Cases are cited, and it was again held that:

"The words in and of themselves mean the opening up and keeping open the storehouse of goods, wares, and merchandise for the purposes of traffic. Where this is done, it need not be shown that any sale was actually made; and, on the other hand, a sale may be made in such storehouse on Sunday which would not involve keeping open store, within the statute. Snider v. State, 59 Ala. 64; Dixon v. State, 76 Ala. 89." Jebeles et al. v. State, 131 Ala. 43, 31 South. 377.

[1] So it is certain from both the language of the statute, and the form of indictment prescribed, and from the construction placed thereon by this court, that it is the keeping open of the storehouses for purposes of traffic which is made a crime, and not the sales of other articles than drugs. Such sales on that day are merely evidences of the crime.

If a storehouse other than a drug store were to be kept open on Sunday for the purpose of traffic, the offense might be committed, though nothing at all were sold, or nothing but drugs. The statute and form of indictment expressly exempt druggists from the operation of the statute, and, by necesary implication, exempt drug stores as well; and, as drug stores are exempt, mere sales of articles not strictly classed as drugs cannot be said to be made an offense under this provision of the statute. The Legislature might have made such sales an offense, as well as keeping open store for traffic; but the answer to this is that the Legislature has not done so, and we cannot read into the statute an offense, or extend the statute to include persons or avocations which the Legislature excluded, or which the language used will not justify. To include persons, avocations, acts, or sales, which the language used by the Legislature will not authorize, is to legislate, and not to construe the statute as it is written. That druggist and drug stores are exempt from the operation of the statute is, of course, too clear and certain to be debatable. There is no language used in the statute to justify the construction that they are not excepted if anything other than drugs is sold on Sunday, or that mere sales from a drug store on Sunday of merchandise other than drugs is made a crime under the statute. That mere sales of articles from a drug store on Sunday, other than drugs, is not a crime or a violation of this criminal statute, is, we hold, made certain and beyond doubt by reference to the varying language of the statute during its history of more than a century. The original statute applicable to this territory was enacted by the Mississippi territorial Legislature more than 100 years ago. For more than 50 years it applied to druggist and drug stores, as well as to all other similar businesses or avocations, and, in addition, prohibited all sales of any merchandise on Sunday, not excepting drugs. The statute remained practically in the same language until the criminal statutes of the state were codified and adopted by the Legislature in 1866, as the Penal Code of this state. By this codification the statute was put practically in its present language, exempting druggists, and striking out or omitting all that part which made it a crime to sell any article of merchandise on Sunday.

The important part of the original statute, as it was for 50 years, reads as follows:

"No merchant or shop keeper, or other person, shall keep open store, or dispose of any wares or merchandise, goods or chattels, on the first day of the week, commonly called Sunday, or sell or barter the same." Laws of Alabama, Toulmin's Dig. p. 217.

Compare this language with that of the present statutory provision on the subject which reads as folows:

"[Any person who], being a merchant or shop keeper, druggist excepted, keeps open store on that day" must be punished, etc."

That the change wrought in the statute and intended to be wrought by the lawmakers was to except the business or avocation of druggist from the businesses required to

keep closed doors on Sunday, and to no longer make it a crime, in and of itself, to dispose of any wares or merchandise, goods, or chattels, or to sell or barter the same on Sunday, is, we hold made certain beyond doubt. The statute as changed by the Penal Code of 1866 has been readopted by every succeeding codification of our laws, without material change; and we do not feel at liberty to read back into the statute what has been omitted by the Legislature, in the various codifications and re-enactments, for 50 years. Moreover, if the construction were otherwise doubtful, the contemporaneous construction placed on the statute for 50 years, by the officers and the people of the state, would lead to rejecting the interpretation of the statute that a druggist violates the statute if he keeps open doors on Sunday and sells anything other than drugs. Those intrusted with the enforcement of the criminal laws of the state, for 50 years, have not so construed or regarded the law as being violated by druggists making such sales on Sunday. The statute for all these years has been construed as it now reads, and not as it read before the change wrought by the Penal Code of 1866.

The Supreme Court of the United States has frequently considered this subject. In Stuart v. Laird, 1 Cranch, 299, 2 L. Ed. 115, decided in 1803, that court sustained the authority of its members to sit as circuit judges on the ground of a practical construction, commencing with the organization of the government.

[2, 3] Courts are not supposed to be ignorant of that which everybody knows; and everybody in this state knows that drug stores are not limited in their stock in trade to drugs only; that they carry tobacco, cigars, candies, soaps, toilet articles, and the like, as well as medicines and drugs, and that, in the absence of local laws, they are kept open on Sunday, and sell on Sunday such articles as they carry in trade, and that it has never heretofore been deemed a violation of the criminal statute to do so. Such has been the contemporaneous construction of the statute, for 50 years, by the officers charged with the enforcement of the laws, and by the people, who are charged with observing them.

It may be that the sale of any article in a drug store on Sunday other than drugs, or medicines, ought to be prohibited by a criminal statute; but the fact remains that such sales, of and in themselves, are not now so prohibited, and have not been, for 50 years; and, moreover, what the law ought to be is a question for the Legislature and not for the courts.

The Supreme Court of the United States has declared the same rules of construction which we apply to this case. The language used by that court is so appropriate and the principles are so well stated, that we deem it advisable to quote somewhat at length from two of its decisions. Courts cannot, in construing penal statutes, safely disregard the popular signification of the terms employed, in order to bring acts, otherwise lawful, within the effect of such statutes because of a supposed public policy or purpose. The danger of substituting for the meaning of a penal statute, according to the popular and received sense, the conjecture of judges as to a supposed mischief to be corrected is pointed out by Judge Marshall in United States v. Wiltberger, 5 Wheat. 76, 5 L. Ed. 37, where he said:

"To determine that a case is within the intention of a statute, its language must authorize us to say so. It would be dangerous, indeed, to carry the principle, that a case which is within the reason or mischief of a statute is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity, or of a kindred character, with those which are enumerated. If this principle has ever been recognized in expounding criminal law, it has been in cases of considerable irritation, which it would be unsafe to consider as precedents forming a general rule for other cases." Sarlls v. United States, 152 U. S. 575, 14 Sup. Ct. 720, 38 L. Ed. 556.

This court in Young v. State, 58 Ala. 358, 359, construing a criminal statute as to what acts were made criminal and what were not, used language which is likewise apt to and conclusive of this case. The court, speaking through Manning, J., said:

"The rule is that penal laws are not by construction to be made to embrace cases not plainly within their meaning. 'In nothing,' said Tilghman, C. J., 'is the common law which we have inherited from our ancestors more conspicuous than in its mild and merciful intendment towards those who are objects of punishment.' Com. v. Duane, 1 Binney [Pa.] 601 [2 Am. Dec. 497]. One who commits an act which does not come within the words of a penal statute, according to the general and popular understanding of them, when they are not used technically, is not to be punished thereby, merely because the act contravenes the policy of statute.

"The purpose of the enactment under consideration is obvious, and the construction put upon it by the circuit judge tends to carry out that purpose. But it does so, we think, by extending the statute to a case not within its terms, as they are generally understood, and not within the mind of the Legislature that enacted it."

[4] Of course, this statute, like all others, cannot be evaded by a mere pretense or subterfuge; one cannot pretend to be a druggist and to keep an open drug store on Sunday, when in fact and truth he is not a druggist and is not keeping an open drug store, but is keeping open store for the purpose of selling other goods or merchandise. The person to be within the exception must be a bona fide druggist and be bona fide engaged in keeping open a drug store.

The undisputed facts, indeed the agreed facts, in this case, as conceded by the Court of Appeals, show that the defendant was a druggist and kept open a drug store; and there was nothing to show that he was not such in good faith. If the agreed statement of facts be true—and of course it must be so treated—the defendant was not guilty of

violating this statute, and he ought not to be convicted.

[5] It also follows, from what we have said, that the indictment did not sufficiently charge the statutory offenses, and did not substantially follow the Code form, and that it was therefore subject to the demurrer interposed thereto. Every fact alleged in the indictment might be true, and yet the defendant would not be guilty of violating the statute.

The writ of certiorari will therefore be awarded, and the judgment of the Court of Appeals reversed. The cause will be remanded for further proceedings in accordance with this opinion. All the Justices concur.