(137 So. 668)

## MACON et al. v. ALBRIGHT et al.

### I Div. 662.

Supreme Court of Alabama.

Nov. 19, 1931.

Mahorner & Mahorner and B. F. McMillan, Jr., all of Mobile, for appellants.

Wm. B. & C. C. Inge, of Mobile, for appellees.

FOSTER, J.

The bill of complaint and contract attached sufficiently show that the drug business purchased by complainants from respondents consisted in a very material respect of merchandise usually carried in drug stores, other than drugs. We not only know as a matter of general information that drug stores are usually not limited to the sale of drugs (Ex parte Stollenwerck, 201 Ala. 392, 78 So. 454), but the bill alleges in this case is express terms that other merchandise such as is usually so kept and sold in drug stores was included in the

transaction, and constituted a material feature of the consideration. The contract described the property sold as a certain drug store and good will, including goods. merchandise, and fixtures, and to include the entire drug business. The bill alleges in effect that the merchandise, goods, and business other than drugs were its chief attraction, and largely made up its good will.

In the contract by which the drug business was sold by respondents to complainants, the former agreed "to remain out of the drug business on their own account in the city and county of Mobile for a period of five years from the date of this instrument." The bill alleges that thereafter and within that period one of the respondents arranged to engage in business in Mobile in which he proposed to conduct the sale of all such articles of merchandise included in the purchase above referred to, except drugs only.

Such respondent claims that, in view of the fact that he does not intend to sell drugs, the bill shows that he will not violate his agreement not to engage in the "drug business," within the purview of the contract.

In construing the words "drug business," in this aspect of the contract, we must refer to the whole of it and the surrounding circumstances. There was a consideration of $50,000 paid for the business and good will. Merchandise other than drugs usually found in drug stores and their curb service are alleged to have been the chief feature of the good will. There was included the good will of the business in all its substantial and material respects, and not merely one feature of it. The "drug business" within the clause now sought to be enforced therefore included such merchandise other than drugs as were embraced in the sale evidenced by the contract, and, when the proposal is to set up a business to be conducted for their sale and service, it will be violative of that feature of the contract. No other question is presented on this appeal.

Our judgment is that the decree of the circuit court properly disposed of that question, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.