TYSON, Judge.
The City of Birmingham, acting through Police Officers Jimmy L. Wesson and Sgt. C. E. Nelson, made complaint against Phil Tomberlin for operating a store on September 7, 1975, in violation of the City Ordinance and State Statute prohibiting the operation of a general store on Sunday, contrary to law. The case was tried in Recorders Court, and thereafter appealed to the Circuit Court of Jefferson County, Alabama, where, following a jury trial, the appellant was acquitted, and the City of Birmingham prosecutes this appeal pursuant to the provisions of Title 62, Section 693, Code of Alabama 1940, and City of Birmingham v. Williams, 26 Ala.App. 200, 155 So. 878.
Police Officer Jimmy L. Wesson testified that, accompanied by Sgt. C. E. Nelson, he went to Eckerd’s Drug Store in the 7800 block of Crestwood Boulevard in the City of Birmingham, and went into the store about 2:30 Sunday afternoon. He testified he walked about inside the store, observed a cosmetic section near the cash registers, and thereafter walked down the aisles and saw some items of hardware and a section which sold magazines beyond the cosmetic section. In the cosmetic section he noticed that lipsticks, powders and perfumes were sold and that also near the cash register he saw some cigarette lighters and cameras and films offered for sale. Further, he noted that there was a display section which contained school supplies, stationery, pencils, pens, and ink. He also saw a section which sold electrical appliances, such as heaters, hair dryers, and mixers, and electric tapes and fuses. He and Officer Nelson purchased from one of the salesladies on duty an electric tape and some fuses, and also a football stadium cushion and paid a total price of $4.73 for the items.
He further testified that he did not see any food items for sale other than ice cream, or soda. He further stated he saw no clothing items offered for sale other than an item of convenience, stockings for women, near the front. He stated that in the rear of the store was the prescription department and that he observed a pharmacist on duty at the time, though he had no conversation with him. He stated that the saleslady from whom he purchased the fuse and electric tape, was Beverly Bloodworth. He stated that after leaving the store, he and Sgt. Nelson went back in and arrested the appellant for operating a general store in violation of the City Ordinance known as the “Blue Law.”
Sgt. C. E. Nelson testified that he accompanied Officer Wesson on September 7, 1975, to Eckerd’s Drug Store on Crestwood Boulevard, located in the 7800 block in the City of Birmingham, Alabama. He stated this was a Sunday afternoon at about 2:30, and that the two officers walked in and looked through the store to see the general arrangement. He stated that he saw a stationery and school supply department, that beyond it was a section which sold jewelry and cameras and film, but that he did not see any items of clothing for sale other than a small counter which contained ladies’ hose. He saw an electrical appliance *1056 section containing coffee pots, can openers and a few small items of hardware, such as paint and brushes, and that he and his fellow officer purchased an electric tape and some fuses. He further stated that the only food items he saw were ice cream and soda. He stated that after making the purchase, they went back in and arrested the store manager, Mr. Tomberlin, for operating a general store on Sunday in violation of the City Ordinance, known as the “Blue Law.”
By stipulation several items were then placed in evidence before the jury, which were the general store license to operate a drugstore, which had been issued by the City of Birmingham, and which was current, also the license from the Alabama State Board of Pharmacy to operate a pharmacy, which also was current. Further placed in evidence was the pharmacy license for the pharmacist on duty in the prescription department, which was also current.
Mr. Phil Tomberlin testified that he was employed as manager of Eckerd’s Drug Store, 7883 Crestwood Boulevard, in the City of Birmingham, Alabama, on September 7, 1975. He testified that he was on duty on this date, and that approximately sixty to sixty-five percent of the items sold on this date were drug and medical items. He also testified that neither officer talked with him or with the registered pharmacist on duty on the afternoon in question prior to his being arrested for operating a general store in violation of the city law. He testified that he himself was not a registered pharmacist, but that his registered pharmacist and an assistant were both on duty in the store on the afternoon in question. He testified that he had a sales clerk, named Beverly Bloodworth, who operated a cash register and who received the monies from the two officers for the purchase of an electric tape and some fuses. He testified that his store sold no food items other than ice cream and sundries, together with soda, but they did have a small hardware department for convenience where house paint and brushes were together with some small items like hose and lawn sprinklers. He said that items such as soap and detergents were also there, and that he did have an electric appliance section where fans, coffee pots, and percolators were sold. He also operated a section where ladies’ cosmetics were sold, however, they did not sell items such as fishing tackle, general foods, or clothing other than to have a small counter which contained convenience type ladies’ hose.
The trial court charged the jury on the general definition of drugstore and druggist, as set forth in the Code of Alabama and submitted and the case to the jury and charged them that they were to determine from the facts whether or not the store in question was being operated as a drugstore within the meaning of that term as is generally understood and charged them to use contemporary community standards in arriving at their verdict. The jury found the appellant innocent, and the City of Birmingham appeals from that verdict and judgment of acquittal.
The City of Birmingham contends that the Circuit Court was in error in charging the jury on the operation of a drugstore as those terms are generally understood, and that the appellant was in fact operating a general store rather than a drugstore.
I
In Stollenwerck v. State, 201 Ala. 392, 78 So. 454, Mr. Justice Mayfield made the following observations:
“Courts are not supposed to be ignorant of that which everybody knows; and everybody in this state knows that drug stores .are not limited in their stock in trade to drugs only; that they carry tobacco, cigars, candies, soaps, toilet articles, and the like, as well as medicines and drugs, and that, in the absence of local laws, they are kept open on Sunday, and sell on Sunday such articles as they carry in trade, and that it has never heretofore been deemed a violation of the criminal statute to do so. Such has been the contemporaneous construction of the statute, for 50 years, by the officers charged with the enforcement of the *1057 laws, and by the people, who are charged with observing them.
“It may be that the sale of any article in a drug store on Sunday other than drugs, or medicines, ought to be prohibited by a criminal statute; but the fact remains that such sales, of and in themselves, are not now so prohibited, and have not been, for 50 years; and, moreover, what the law ought to be is a question for the Legislature and not for the courts.”
In construing the same statute here at issue, Title 14, Section 420, Code of Alabama 1940, under challenge on appeal from a suit brought in the City of Mobile wherein it was asserted that to allow drugstores to remain open and sell items other than pure medicines and drugs was in violation of the equal protection provisions of law, such was specifically rejected by the Supreme Court of Alabama in Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83. In Lane, supra, Mr. Justice Lawson noted the following:
“As shown above, druggists are excepted from the prohibition of the Sunday closing provisions of § 420, supra. In Ex parte Stollenwerck, supra, following the previous decisions of this court to the effect that the prohibition is not against sales, but against ‘keeping open store,’ we held that a bona fide druggist did not violate the Sunday closing law by keeping open store and selling on Sunday those articles of merchandise which had been customarily sold in drug stores for a long period of time, such as soda water, tobacco, cigars, ice cream, candies, confectioneries and toilet articles.
“Appellant concedes that it would not have been unreasonable for the legislature to exempt the sale of drugs on Sunday, recognizing the fact that it it in the public interest that such articles be obtainable on Sunday. However, appellant insists that where the legislature has provided, as this court held, that a druggist may keep open store and sell articles other than drugs that the classification becomes unreasonable and arbitrary. We cannot agree. We know of no power vested in the legislature to require a druggist to keep his store open for the sale of drugs only. Hence, the legislature in our opinion would be well justified in concluding that in order to have a place where drugs might be obtained on Sunday, a bona fide druggist should be permitted to dispose of those articles usually and customarily sold in drug stores other than drugs.”
The Stollenwerck and Lane, supra, opinions have been followed by the Supreme Court of Alabama in Langan v. Mobile Winn Dixie, Incorporated, 277 Ala. 583, 173 So.2d 573.
More recently, the Supreme Court of Alabama upheld the operation of small food stores, known as “convenience stores,” as being exempt from the very provisions here under construction, namely, Title 14, Section 420, Code of Alabama 1940, in an opinion by Mr. Justice Harwood in Caiola v. The City of Birmingham, 288 Ala. 486, 262 So.2d 602.
We have carefully examined the oral charge of the trial court and the evidence as set forth in this opinion and find that the trial judge did correctly charge the jury on the applicable law. Authorities herein above cited.
There is nothing contained in this record which indicates in the slightest degree any violation of law whatsoever. The City of Birmingham conceded in argument that the trial jury was out only three or four minutes before reaching its verdict and judgment of acquittal. This was entirely proper and in accordance with the evidence presented at trial. Mr. Tomberlin has done no wrong.
The judgment appealed from is due to be and the same is hereby affirmed. Stollenwerck v. State, 201 Ala. 392, 78 So. 454; Town of Livingston v. Scruggs, 18 Ala.App. 527, 93 So. 224, and: authorities hereinabove cited.
AFFIRMED.
All the Judges concur.