# Gadsden & Attalla Union Railway Co. v. Gadsden Land & Improvement Co.

*Action for Breach of a Contract.*

1. *Pleading and practice; plea of non est factum an answer to action for breach of contract.*—A plea of *non est factum* properly verified, is a full answer to a complaint, the gist of which is the breach of a written contract contained in a deed.

2. *Contract of sale; construction thereof.*—Where one proposes to buy property from another at a given price, upon the condition that the seller shall perform an additional act, and the seller makes a counter proposition to sell upon the terms proposed, "leaving off" the condition for the performance of such additional act, and the buyer thereupon certifies his assent to the modification and accepts the proposition, the sale is complete; and the performance of the additional act originally proposed by the purchaser forms no part of the contract of sale, even though it may be evident from the declaration of the seller made immediately thereafter, that he nevertheless intended to perform such additional act.

3. *Evidence; admissibility of parol evidence to explain contract.* It is only when there is a latent ambiguity in a contract that the subsequent conduct of the parties can be looked to for aid in its construction.

[Gadsden & Atalla Union Railway Co. v. Gadsden Land & Imp. Co.]

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was an action brought by the appellant against the appellee to recover damages for the alleged breach of a covenant alleged to be contained in a deed executed by the defendant to one J. M. Elliott, Jr.; the complaint alleging that Elliott had transferred and assigned all of his right, title and interest in said deed to the plaintiff. The covenant relied upon, as alleged in the complaint to be contained in the deed was, "that the defendant was to build a hotel on the mountain to cost $15,000, and furnish it at a cost not less than $5,000; and it was averred in the complaint that this covenant on the part of the defendant was the material consideration and inducement on the part of the said J. M. Elliott, Jr., to enter into a contract as evidenced by said deed. It was further alleged in the complaint that the defendant had failed to build the hotel and to furnish it as it had covenanted to do, and that the plaintiff had thereby suffered damages to the extent of $35,000.

The complaint as originally filed contained but one count. Subsequently a second count was added. To each of these counts the defendant demurred upon the grounds that each of said counts show that the covenant relied upon was made with Elliott and not with the plaintiff, and that, therefore, plaintiff could not maintain the present action for the breach of the alleged covenant. Each of these demurrers was, by the court, overruled.

The defendant pleaded the general issue, and by special plea set up that the alleged contract, as evidenced by the deed set forth in the complaint, was not such a contract as the plaintiff was authorized by its charter to make, and, therefore, *ultra vires* and void.

On August 21, 1895, the defendant filed a plea of *non est factum*, which was sworn to and which was in words and figures as follows: (4.) "And for further plea on this behalf the defendant says that no deed or other writing containing any stipulation as set forth in plaintiff's complaint to the effect that defendant

obligated itself to build a hotel to cost fifteen thousand dollars and furnished at a cost of not less than five thousand dollars at the Highlands and open the same for the reception of guests, was executed by defendant or by any one authorized to bind the defendant in the premises and defendant makes oath that this plea is true." This plea was demurred to upon the following grounds: 1st. It does not aver or show such a state of facts as traverses plaintiff's complaint, or such as is in confession and avoidance thereof. 2d. Said plea does not aver or show that the contract alleged in the complaint to have been breached, was embraced in said deed, nor that there was no other contract on the part of the defendant for the use and benefit of the plaintiff, except that referred to in the complaint.

On February 29, 1896, the defendant filed a verified plea, which was in words and figures as follows: "No. 4. And for further plea on this behalf to said second count defendant says that no deed or other writing containing any stipulation as set forth in the said second count to the effect that the defendant was to build a hotel on the mountain to cost fifteen thousand dollars, and furnish it at a cost of not less than five thousand dollars, was ever executed by defendant or any one authorized to bind defendant in the premises. Defendant admits the execution of a deed, a copy of which is hereto attached and marked the same Exhibit A, making the same a part of this plea. And defendant avers that this is the only deed executed by it to James M. Elliott, Jr., in regard to the subject matter of this suit. And defendant makes oath that this plea is true." Subsequently the defendant filed the following pleas, which were sworn to: "6. And for plea and answer to both counts of said complaint, defendant says that the only contract into which it ever entered with James M. Elliott, Jr., in regard to the subject matter of this suit is a deed, a copy of which is attached, 'Exhibit A,' to defendant's plea No. 4 to a second count of plaintiff's complaint, and defendant makes said 'Exhibit A' a part of this plea, and defendant makes oath that this plea is true." "7th. And for further plea on this behalf to

both counts of the complaint defendant says that no deed or other writing in regard to the subject matter of this suit was ever executed by it or by any one authorized by any one to bind it in the premises save and except a deed, a copy of which is attached as 'Exhibt A' to plea No. 4 to second count of said complaint, and defendant makes said 'Exhibit A' a part of this plea, and defendant makes oath that this plea is true." Attached as Exhibit A to plea No. 4 filed on February 29, 1896, was a deed which the complainant alleged contained the covenants for the recovery of damages for the breach of which the present action was brought.

The prefatory recitals of this deed set out the negotiations between J. M. Elliott, Jr., and the defendant, which led to and were consummated in the execution of said deed. These negotiations are sufficiently shown in the opinion. After stating and setting out at length these negotiations, the deed then conveyed to said J. M. Elliott, Jr., his heirs and assigns, certain specifically described real and personal property, including the dummy line and the rights and franchises therein owned by the Gadsden Land and Improvement Company. The deed then continued as follows: "And the said company will forever warrant and defend the title to said James M. Elliott, Jr., his heirs and assigns, from all lawful claims of itself, its successors and from all persons whatsoever. Said company does hereby transfer, convey and deliver to said James M. Elliott, Jr., his heirs or assigns, such franchise as this company has and owns from the city of Gadsden, Ala., allowing this company to construct and operate its dummy line over, across and along the streets of said city of Gadsden, but there is no warranty to rest on this company as to such franchises from said city of Gadsden; and further there is no warranty to rest on this company as to what right of way, which runs along and across the public roads of the county and which are located on the property of this company. The said Elliott for himself, his heirs and assigns, covenants and agrees to proceed to build the main line of said dummy line to Attalla within ten days after the delivery of the pos-

33

session of the property to him herein mentioned, and which building he agreed to do in his original proposition of purchase. The said James M. Elliott, Jr., further covenants and agrees to build the dummy line to the Falls and the Highlands on Lookout Mountain as set forth in his original proposition, as the same original proposition is modified by the resolution of the stockholders made on 11th February, 1890, confirming and ratifying the directors' sale of said property. It is further agreed that if this conveyance is not such as will transfer all the title, claim and interest of this company in and to the property herein mentioned, then said company will execute such conveyance and with such warranty as may be necessary, but under no circumstances will said company warrant any title, claim or interest to property or franchise except as to that portion of the property herein named, that is expressly warranted in this instrument. In testimony whereof, the Gadsden Land and Improvement Company has affixed its signature through its president, James L. Tanner, and attested by its secretary, the 4th day of April, 1890."

To the fourth plea filed on February 29, 1896, plaintiff demurred upon the following grounds: "1st. Said plea is no answer to the complaint. 2. Said plea makes a deed 'Exhibit A' an exhibit to said plea, the execution of which is admitted, and said deed and plea show on their face such a state of facts as authorize plaintiff to recover. 3. Said plea does not aver or show such a state of facts as traverse plaintiff's second count of said complaint or such as are in confession and avoidance thereof. 4. Said plea does not aver or show that the contract alleged in said second count to have been broken was embraced in said deed or writing, or that there was no other contract between defendant and Elliott and his associates for the use and benefit of plaintiff, except the one embraced in said deed or writing."

To the sixth and seventh pleas the plaintiff demurred upon the following grounds: 1st. Said plea shows on its face that it is no answer to the plaintiff's complaint. 2d. It does not set up such a state of facts as traverse

1900.]　　　OF ALABAMA.　　　　　515

[Gadsden & Atalla Union Railway Co. v. Gadsden Land & Imp. Co.]

or confess and avoid plaintiff's complaint. 3d. It makes a deed 'Exhibit A' an exhibit to said plea and admits the execution of said deed, and said deed and plea show on their face a state of facts which authorize plaintiff to recover. 4th. Said plea sets forth no such facts as deny the allegations of the complaint. 5th. Said plea sets forth no such state of facts as confess and avoid the allegations of the complaint. 6th. Said plea does not aver or show that the contract alleged in plaintiff's complaint to have been breached was embraced in said deed or writing, nor that there was any other contract between defendant and Elliott and his associates for the use and benefit of plaintiff except that embraced in said deed or writing. 7th. Said plea purports to answer the entire complaint, and yet is no answer to said entire complaint. 8th. Said plea purports to answer the entire complaint and yet the facts set out therein, and 'Exhibit A,' referred to therein is no answer to the second count of said complaint."

The court overruled the demurrers interposed to the fourth, sixth and seventh pleas, respectively. The present appeal is prosecuted from the judgment of the court upon the pleadings, and the rendition of said judgment is assigned as error.

DENSON & BURNETT, for appellant.—The conduct of the parties under a contract constituting a practical construction of it given by both parties, is frequently a very important element in the interpretation of contracts which appear ambiguous.—*Comer v. Bankhead*, 70 Ala. 136, 141; *Pollard v. Maddox*, 28 Ala. 321; *Mason v. Ala. Iron Co.*, 73 Ala. 370; *Crass v. Scruggs & Co.*, 115 Ala. 258. The pleas do not propose to deny the allegations of the complaint, but merely set up the contract, for this reason, if for nothing else the pleas are no answer to the complaint.

AMOS E. GOODHUE and WILLETT & BROTHERS, *contra.* The alleged contract did not impose upon the Gadsden Land & Improvement Company the duty to compel it to build the hotel and furnish it. But even if it did impose this duty, it was a personal covenant as distinguished

from a covenant running with the land, and did not enure and pass to the Gadsden & Attalla Union Railway Co.—*Morse v. Gardner*, 47 Am. Dec. 569; *Myggatt v. Coe*, 152 N. Y. 457; *Masury v. Southworth*, 9 Ohio St. 340; *Aiken v. Albany R. R. Co.*, 26 Barb. 289; *Winston's Appeal*, 111 Pa. St. 387; *Buck v. Carlisle*, 98 Ala. 580; *Masterson v. Phinizy*, 56 Ala. 338; *Babcock v. Carter*, 117 Ala. 576.

SHARPE, J.—The plea of *non est factum* numbered 4 and filed August 21st, 1895, was a full answer to the complaint to which it was interposed for the reason that the complaint was alone for the breach of a contract alleged to have been contained in a deed.

Plea 4 filed February 29th, 1896, and pleas 6 and 7 raise one and the same question which is, whether the contract disclosed in the deed, bound the defendant to build and furnish a hotel at the intended terminus of the plaintiff's projected highland railway.

By way of showing inducement, consideration and terms of the agreement, the deed recites the negotiations had between the defendant and Elliott acting as a promoter of the plaintiff corporation; which led to and were consummated in the execution of the deed. These negotiations were by writings, beginning with a request from Elliott to be informed of terms upon which the defendant's dummy line railway properties could be bought. Being informed of the terms Elliott agreed to the price but proposed new terms, one of which was in effect that the defendant should build, furnish and open a hotel on the Highlands to which he proposed to build a dummy line, and that part of his payment should be deferred till the hotel was partly built and another part until it was completed, furnished and opened. This proposition was met by a resolution of defendant's directors, which begun by stating that Elliott's proposition was accepted, but proceeded, without mentioning the hotel or highland railway, to provide for the deferred payments to be made absolutely and at stated times. Thereupon defendant's president wrote Elliott that "the board passed the accompanying resolution in reply to your proposition leav-

ing off line to Highlands and building hotel by the company and agree to sell you the road franchise and terminal facilities at foot of 9th street at price named, giving you six and twelve months on deferred payments with interest at 8% from date, if you propose carrying out your proposition, with the changes referred to you will signify your intentions and enclose me check for $1,000 to pay for the 90 days' option." To this Elliott replied to the president "As per letter of Jan'y 3rd, I accept your proposition to sell me the dummy line, and as per terms of sale herewith enclosed please find check for $1,000."

On the 11th day of February following a resolution was adopted by the defendant's stockholders in which the action of the directors in selling the dummy line to Elliott was stated to be ratified and confirmed. The deed recites that "This resolution was amended as follows: 'That whenever this company builds a hotel and furnishes it as required in the proposition made by Elliott and associates in original proposition, that said Elliott and associates shall build and operate a dummy line to the Falls and Highlands making not less than one trip evening and morning so long as the hotel is kept open, or the business justifies it. The Land Company furnishes the right of way as laid down in survey of J. C. Wright, engineer.'" Subsequently the directors of the defendant by resolution directed that Elliott's proposition of January 3d, 1890, should be inserted in the deed to be made to Elliott "to be part of the deed of conveyance so far as covered by said resolution of the stockholders confirming said sale." Further on it was provided that "The said James M. Elliott, Jr., further covenants and agrees to build the dummy line to the Falls and the Highlands on Lookout Mountain as set forth in his original proposition as the same proposition is modified by the resolution of stockholders made on 11th Feb'y, 1890, confirming and ratifying the directors' sale of said property."

We have stated the substance of the deed so far as it seems to bear particularly on the question presented, though the whole instrument must be looked to in de-

termining its meaning. So examining the deed we fail to find any undertaking to build a hotel. Its recitals show that Elliott's proposition of January 3d, 1890, was not accepted as a whole and that so much of it as required the defendant to build, furnish and open a hotel was rejected. If the resolution which followed upon that proposition is in this part ambiguous, yet Elliott accepted the counter proposition contained in the resolution as it was interpreted to him by the letter of defendant's president, in which the resolution is described as "leaving off line to Highlands and building hotel by the company."

The requirement in the stockholders' resolution that Elliott and associates should build a dummy line to the Highlands whenever the defendant built there a hotel, though indicating that the building of a hotel was in contemplation, cannot be construed as an agreement on the part of defendant to build. In this respect there is not in the contract taken as a whole any such ambiguity as to admit of resort to the alleged subsequent acts or conduct of the parties in aid of interpretation.

There was no error in the judgment.

Affirmed.