# Mitchell, *et al.* v. City of Gadsden, *et al.*

*Bill to Enjoin Issuance and Sale of Water-works Bonds.*

(DECIDED FEB. 17, 1906, 40 So. REP. 350.)

1. *Statutes; Passage; President of Senate; Signing; Senate Journal; Construction.*—Where the Senate journal shows: "The president of the Senate, immediately after they had been pub-

[Mitchell, *et al.* v. City of Gadsden, *et al.*]

licly read at length by the secretary, signed the above House bills, the titles of which are set out in the foregoing message from the House, except House bills Nos. 121, 101, 465 and 454; the reading of which at length having been dispensed with": and it is shown by same journal that the reading of H. B. No. 454 was dispensed with by the proper motion and requisite vote; held, that the excepting clause refers to and qualifies the first antecedent, and that the entry on the journal shows affirmatively that H. B. 454 was signed by the president of the Senate, in a constitutional manner.

APPEAL from Etowah Chancery Court.

Heard before Hon. W. W.. WHITESIDE.

This was a bill filed by Mitchell et als as citizens and tax payers of the city of Gadsden, against the city of Gadsden, its board of mayor and aldermen and the mayor and aldermen individually, to enjoin and restrain the issuance and sale of city bonds for the purpose of constructing water works by the city. The reasons assigned for this relief are, 1st, that the election returns do not show that a majority of the entire electorate of the city of Gadsden voted for their issuance. 2nd, that there were three separate propositions submitted to the voters of said city on the same ballot. 3rd, that the senate journal does not show that the president of the senate signed house bill 454, as is required by the constitution. 4th, that the proposed building of the water works system by the city would be detrimental to or impair complainant's contract with the city to construct and operate a water system. The proceedings of the council leading up to the election to determine whether or not bonds should be issued together with the proceedings and notice and copy of the ballot and the result of the election as declared by the city council, are set out in the bill, as is the extract from the senate journal showing how said house bill was signed. Demurrers were interposed to the bill raising the question that the bill showed on its face that the election was properly held, that a majority of those voting voted in favor of the issuance of the bonds and that the bill was signed in a constitutional manner. Motion was also made to dismiss for want of equity. These demurrers were sus-

[Mitchell, et, al. v. City of Gadsden, et. al.]

tained and motion to dismiss granted, from which decree this appeal is prosecuted .

BURNETT, HOOD & MURPHREE and DORTCH, MARTIN and ALLEN, for appellant.—The bill proceeds on the theory, that the city of Gadsden is without authority to issue and sell bonds because the act of the legislature approved Feb. 25th, 1903, (General Acts, 1903, p. 59) was not enacted as required by Sec. 66 of the constitution of 1901, in that, the senate journal fails affirmatively to show that this bill was signed by the president of the senate in the presence of the senate. The appellants insist that it is only by an inconclusive implication that the language of the senate journal can be construed to show affirmatively that the constitutional requirement was complied with. It is not at all certain. It is not a necessary implication.—*Board of Revenue v. Crow*, 141 Ala. 126, 37 So. Rep. 469. Language cannot speak with more plainness than it uses in its journal entry and no twisting nor torturing of it can give it a meaning other than that which it bears on its face. The words are too plain for interpretation, and are themselves the interpretors and expositors of their own meaning.—Harris on Municipal Bonds, sections 659 and 666; 96 Fed. 284; 105 U. S. 668; 119 N. C. 214. As to the construction of the statute and the journal entry as to its passage, we cite 2 Lewis, Southerland, Statutory Construction, pp. 700, 701 and 705.

HUBERT T. DAVIS and BILBRO, INZER and STEPHENS, for appellee.—The first contention is without merit.—Section 222, constitution 1901. Even without this clause the great weight of authority is that a majority of electors or voters of those voting on the proposition, or a majority of those voting at the election is sufficient.—19 Am. & Eng. Ency. of Law, p. 612; 18 Century Digest, Column 344, Par. A. and B.; Ib, Col. 345, Par. G.

The fact that three propositions were submitted on the same ballot would not vitiate the election.—*Woodlawn v. Cain*, 135 Ala. 374, 18 Century Dig. C. 242, Par. F. 36; Ib. C. 2814, Par. R.; Ib. C. 2813, Par. M.; 74 Mo.

[Mitchell, *et al.* v. City of Gadsden, *et al.*]

258. The senate journal sufficiently shows that house bill 454 was signed by the president of the senate in the presence of the senate. It shows the signing affirmatively.—*Miller v. Marx,* 55 Ala. 323. The courts will not hesitate to punctuate in order to arrive at the true meaning.—110 Ala. 40. The courts will not declare a statute unconstitutional unless clearly convinced of its unconstitutionality.—116 Ala. 189; 123 Ala. 259; 139 Ala. 468.

TYSON, J.—This was a bill filed by the appellant, as a tax-payer and citizen, to enjoin the municipal authorities of Gadsden from issuing and selling bonds. The bill alleges that the act authorizing the election, under the authority of which it is proposed to issue the bonds, is violative of section 66 of the constitution of 1901 in that the senate journal fails affirmatively to show the signing of house bill No. 454, the act in question, by the president of the senate, in the presence of the senate. As the mandates of section 66 require the presiding officers of both houses to sign a bill in the presence of the house over which he presides, and that the bill be read at length before signing, unless the reading is dispensed with by the required vote, it becomes important to ascertain just what the senate journal shows with respect of house bill No. 454. The senate journal (pages 481,482) shows a message from the house, stating that the speaker had signed a number of bills, among them house bill No. 454, and requests the signature of the president of the senate. Page 483 shows a motion made by Mr. Norman to dispense with the reading of house bill 454, a favorable vote on the motion by yeas and nays,—yeas, 24; nays, 0—together with the names of the senators voting yea. On the same page appears the following: "Signing of bills. The president of the senate in the presence of the senate, immediately after they had been publicly read at length by the secretary, signed the above house bills, the titles of which are set out in the foregoing message from the house, except house bills Nos. 121, 101, 465, and 454; the reading of which at length having been dispensed with." In the recent case of *Uniontown v. State ex rel. Glass,* (Ala.) 39 South. 814, we held that

[Mitchell, *et al.* v. City of Gadsden, *et al.*]

when "the journal of the senate shows that the motion to dispense with the reading of the bill was passed by a vote taken by yeas and nays—yeas, 21, nays, 0—and shows the names of the senators voting, * * * it must be presumed, in the absence of any affirmative showing to the contrary by the journal, that there were only 21 of the senators present when the vote was taken and the bill signed."

It is insisted, however, that the senate journal affirmatively shows that house bill No. 454 was not signed by the president of the senate in the presence of the senate, for the reason that it is specially, with others, excepted by the journal entry. When there is more than one antecedent to which an exception may refer, or which it may qualify, it becomes necessary, from the entire language employed, to ascertain to which antecedent the exception specially refers. Applying this rule and taking into consideration what the senate journal shows with respect of this and the other bills mentioned in the house message, together with the clause immediately following the excepting clause, we are of the opinion that the excepting clause refers to and qualifies the first antecedent; that is, it refers to the clause relating to the dispensing with the reading at length before signing the bill, and not to the clause relating to the signing.

It follows, therefore, that the journal entry affirmatively shows the signing of the bill by the president of the senate in the presence of the senate.

The chancellor correctly dismissed the bill for want of equity, and his decree is affirmed.

Affirmed.

HARALSON, DOWDELL, SIMPSON, ANDERSON, and DENSON, JJ., concur.