GRUNZFELDER v. INTERBOROUGH RAPID TRANSIT CO. et al.   REY-
     NOLDS v. SAME.   GUTTAG v. SAME.   (Nos. 6175–6178.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

INJUNCTION (§ 137*)—TEMPORARY INJUNCTIONS—GRANTING ON.
     A temporary injunction, sought to protect a constitutional right, should not be denied because the value of the right involved will probably be found to be slight, and perhaps nominal.
     [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. § 137.*]

Appeal from Special Term, New York County.

Actions by Nicholas Grunzfelder, Daniel Reynolds, and Leopold Guttag against the Interborough Rapid Transit Company and another. From several orders, denying motions for temporary injunctions, the several plaintiffs appeal.   Orders reversed, and motions granted.

See, also, 143 App. Div. 932, 128 N. Y. Supp. 1113; 146 App. Div. 873, 130 N. Y. Supp. 1113.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Banton Moore, of New York City, for appellants.

J. O. Nichols, of New York City, for respondents.

PER CURIAM. These cases are not to be distinguished from Rothschild v. Interborough Rapid Transit Co., 162 App. Div. 532, 147 N. Y. Supp. 1040, save in the circumstance that the value of the easements to be affected will probably be found to be slight and perhaps nominal. That circumstance was urged upon us in the case cited and was fully considered, the answer being that "the rule de minimis cannot stand in the way of a constitutional right." By the present ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

peal we are, in effect, asked to reconsider our former determination which was deliberately arrived at after mature consideration.

The orders appealed from must be reversed, with $10 costs and disbursements in each case, and the motions granted, the orders to be entered following the form of the order in the Rothschild Case.

Settle orders on notice.