(80 South. 497)

## MONTGOMERY LIGHT & TRACTION CO. v. AVANT. (3 Div. 370.)

(Supreme Court of Alabama. Nov. 28, 1918.)

**1.** Action ⊝⟱8 — Construction of Ordinance—De Minimis Non Curat Lex.

In a traction company's action for street car fare wherein the rights of defendant, a plain clothes man on the city's police force, depended upon the construction of an ordinance, the maxim de minimis non curat lex did not apply.

**2.** Municipal Corporations ⊝⟱120 — Construction of Ordinance—Rule as to Last Antecedent Clause.

Relative and qualifying words, phrases, or clauses are to be applied to the words, phrases, or clauses immediately preceding, and not extended to or to include other words, phrases, or clauses more remote, unless such extension or inclusion is clearly required by the intent of context or disclosed by a consideration of entire ordinance.

**3.** Municipal Corporations ⊝⟱120 — Ordinance—Construction.

The grammatical and legal rule is that in construing ordinances general words at end of a sentence refer to and qualify the whole and not the last antecedent, unless subject-matter, context, and legislative intent require a different construction; and general words in middle of a sentence apply only to their particular antecedent.

**4.** Municipal Corporations ⊝⟱120—Ordinances—Contemporaneous Construction.

The doctrine of contemporaneous construction cannot govern when the intention of an ordinance is plain, unambiguous, and not susceptible to different or contrary reasonable constructions.

**5.** Carriers ⊝⟱12(9)—Charges—Ordinance—Free Passes—"Uniform."

Under ordinance requiring traction company to transport free members of the police force and fire department when in uniform, a plain clothes man, whose only prescribed uniform was a metal badge which might be worn concealed, while wearing such badge was within the term when in "uniform."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Uniform.]

**6.** Carriers ⊝⟱12(9)—Charges—Passes—Ordinances—Construction.

Under ordinance requiring traction company to transport free members of police force and fire department "when in uniform," the rule of contemporaneous construction by company and city officers as to the badge of a plain clothes man being his uniform would have a bearing in construing the words "when in uniform."

**7.** Carriers ⊝⟱12(9) — Ordinance — Free Transportation—City Officers.

Under ordinance requiring traction company to furnish free tickets and passes to the mayor and aldermen and all other executive officers of city upon mayor's application, the mayor could not exercise arbitrary power in requesting tickets and passes, nor could the company exercise arbitrary power in response to mayor's request.

**8.** Carriers ⊝⟱2—Constitutional Law ⊝⟱135—Obligation of Contract—Ordinance—Charges—Passes.

Construction of ordinance of city of Montgomery requiring traction company to furnish free transportation to police officers when in uniform, construed to entitle a plain clothes man wearing only the badge prescribed by his superior to free transportation, did not abrogate any contract right secured by state, contrary to Const. Ala. 1901, § 22, or Const. U. S. art. 1, § 10.

**9.** Carriers ⊝⟱2 — Charges — Ordinance — Passes — Use of Street — Constitutional Provisions.

Construction of ordinance of city of Montgomery, requiring traction company to furnish free transportation to police officers when in uniform, to entitle a plain clothes man wearing only the badge prescribed by his superior to free transportation, did not abrogate any right secured by state under Const. 1901, § 228, relating to use of streets by street railroads.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Action by the Montgomery Light & Traction Company against J. P. Avant. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Rushton, Williams & Crenshaw, of Montgomery, for appellant.

G. F. Mertins, of Montgomery, for appellee.

THOMAS, J. The appeal is from a judgment for defendant in an action for street car fare.

The testimony showed that on the dates named in the complaint defendant had ridden on the cars of the plaintiff without paying the customary fare for each passage required of passengers on plaintiff's cars.

The testimony for defendant tended to show he was a detective or "plain clothes man" on the police force of the city of Montgomery, and as such had not been required to pay for his passage on said cars until a short time before the suit was brought, when the manager of plaintiff company refused to issue a book of passes to him. There was testimony to the effect that, about the time plaintiff's company refused to issue further passes to defendant, a controversy had arisen between the officials of that company and defendant growing out of a discontinuance by defendant at his home of the lighting service of plaintiff. Defendant, as a "plain clothes man" or detective for the city, wore civilian clothes and not a suit or uniform, but a metal badge. The only uniform pre-

---

scribed by the board of public safety for "plain clothes men" was a metal badge, which may be worn concealed. It was also in evidence that some of the conductors of plaintiff company had permitted defendant to ride upon displaying his said badge.

[1] Defendant introduced an ordinance of the city of Montgomery, relating to plaintiff company or its predecessors in right or title (approved April 3, 1906), providing, in the event of consolidation of certain street car companies of the City of Montgomery, that certain privileges be granted to certain officials of the city. Section 12 thereof is as follows:

"That said consolidated company, its successors and assigns, shall furnish free of charge, tickets or passes to the mayor and aldermen of the city and to all other executive officers, upon application from the mayor, and transport officers and patrolmen of the police force, and all members of the fire department, free, when in uniform."

The construction of said section of the ordinance is the question for decision. The maxim, "De minimis non curat lex," does not apply. Grunzfelder v. Interboro Rapid Transit Co., 164 App. Div. 928, 149 N. Y. Supp. 437; Rothschild v. Interborough Rapid Transit Co., 162 App. Div. 532, 147 N. Y. Supp. 1040.

[2, 3] The doctrine of the "last antecedent" clause—that relative and qualifying words, phrases, or clauses are to be applied to the words, phrases, or clauses immediately preceding, and as not extending to or including other words, phrases, or clauses more remote —is subject to the important qualification that such extension or inclusion must be clearly required by the intent and meaning of the context or disclosed by a consideration of the entire act or ordinance. State ex rel. Crow v. City of St. Louis, 174 Mo. 125, 73 S. W. 623, 61 L. R. A. 593; Warner v. King, 267 Ill. 82, 86, 107 N. E. 837; Citizens' Bank, etc., v. Parker, Tax Collector, 192 U. S. 73, 86, 24 Sup. Ct. 181, 48 L. Ed. 346; State v. Western Union T. Co., 196 Ala. 570, 72 South. 99; 36 Cyc. 1123, and authorities.

Mr. Sutherland said on the subject:

"A relative word will not be read as representing the last antecedent exclusively, where the sense of the context and the clear intention of the lawmaker requires it to represent several or one more remote. Fisher v. Connard, 100 Pa. 63, 69; State v. Jernigan, 3 Murph. [5 N. C.] 18; Simpson v. Robert, 35 Ga. 180. The grammatical rule, which is also the legal rule, in construing statutes, was held to be that, where general words occur at the end of a sentence, they refer to and qualify the whole; while, if they are in the middle of a sentence, and sensibly apply to a particular branch of it, they are not to be extended to that which follows." 2 Lewis, Sutherland, Stat. Con. § 409; Rex v. Inhabitants of Shipton, 8 B. & C. 94.

To the same effect is the announcement of this exception in Endlich on Statutes:

"The strict rule of grammar would seem to require, as a general thing, a limiting clause, or phrase, following several expressions to which it might be applicable, to be restricted to the last antecedent. * * * But this technical grammatical rule is liable to be displaced wherever the subject-matter requires a different construction, in obedience to the principle elsewhere discussed, that rules of that character are subordinated to a common sense reading of an enactment. * * * Indeed, in most cases it will be found, on some ground of this sort, that where several words are followed by a general qualifying expression which is as much applicable to the first as to the last, that expression is not limited to the last, but applies to all. Great Western Ry. Co. v. Swindon Ry. Co., L. R. 9, App. Cas. 787. * * * Similarly, where words occur at the end of a section, it is said that they are presumed to refer to and to qualify the whole." Coxton v. Doland, 2 Daly (N. Y.) 66; Hart v. Kennedy, 15 Abb. Prac. (N. Y.) 432; Endlich on the Interpretation of Statutes, § 414, pp. 581–584.

See, also, Id. §§ 81 and 82, pp. 110–112; Black on Interpretation of Laws, p. 70 et seq.; Id. p. 106, § 49; Id. p. 121, § 56; Id. p. 150, § 65.

[4] The doctrine of contemporaneous construction of the ordinance and of section 12 thereof, as embracing all firemen and all officers and patrolmen of the police force, when not in uniform, has no application. Such rule of construction cannot govern when the intention of the statute or ordinance is plain, unambiguous, and not susceptible to different or contrary reasonable constructions. Twin Tree Lumber Co. v. Ensign, 193 Ala. 113, 119, 69 South. 525; Gadsden Ry. Co. v. Gadsden Land & Improvement Co., 128 Ala. 510, 29 South. 549; Ex parte Stollenwerck, 78 South. 454;[1] First National Bank of Mobile v. McAleer, 84 South. ——.

[5-7] The requirements of this section of the ordinance of the traction company are: (1) to furnish free of charge tickets and passes to the mayor and aldermen, and all other executive officers of the city, upon application from the mayor; (2) to transport free officers and patrolmen of the police force "when in uniform"; (3) and to transport free all members of the fire department "when in uniform."

Was the defendant in uniform when the demand was made on him for "fare" for his transportation and when he was so transported by plaintiff? It is in answer to this inquiry that the rule of contemporaneous construction has a field of operation under section 12 of the ordinance. The uniform of firemen and officers thereof, and of the officers and the several classes of patrolmen were prescribed by appropriate municipal authority. The witness said that the uniform of a "plain clothes man" or of a city detec-

[1] 201 Ala. 392.

tive was and is the badge worn by defendant and exhibited to the traction company's conductor when he was transported by it and for which the charge was demanded and refused, and for which collection is sought by the instant suit. The "badge" of a detective or "plain clothes man" was the only uniform or insignia of authority prescribed by the governing authority of the city having control of such official, required to be worn and exhibited by that official on demand. Such badge had been long recognized by the traction company and the city officers as his "uniform" and as entitling such official to free transportation by defendant company and its predecessors in title of the street car company. Such contemporaneous construction is an aid in determining the meaning of, and defining the effect of, the words of the ordinance, "when in uniform." Black on Int. of Stat. p. 31, § 20; Endlich on Int. of Stat. § 357 et seq.; 2 Lewis, Sutherland, Stat. Const. (2d Ed.) § 472 et seq. This construction is of binding effect on the defendant traction company, and, also, is in harmony with the general plan and purpose of the ordinance to secure efficient service to the city and its citizens in the protection of their personal and property rights, and necessary to the good order of the municipal government.

[8, 9] It is not reasonable to insist that the municipality and the traction company or companies, when procuring and granting the ordinance and its provision in question, did not intend and consent to embrace and extend to all of the class of officials for which free transportation was contracted and deemed necessary to an efficient fire and police protection. This provision of the ordinance does not authorize the exercise of arbitrary power on the part of the mayor in making his requests for tickets and passes for officers falling within the first class, nor on the part of the traction company in acceding to a request so made by the mayor under this ordinance provision. So, also, there is no justification for a discriminatory or arbitrary exercise of this right of free transportation to which officers, patrolmen, and members of the police force or of the fire department are entitled while in the uniform prescribed for them by the duly constituted city authority. This free transportation is provided for and guaranteed to them as officials in the due discharge of duty by the unambiguous provisions of section 12 of the ordinance. This construction of the ordinance abrogates no contract right secured by the state (sections 22, 228, Const. of Ala.; Weller v. City of Gadsden, 141 Ala. 642, 37 South. 682, 3 Ann. Cas. 981; Mitchell v. City of Gadsden, 145 Ala. 137, 40 South. 350; City of Bessemer v. Bessemer Waterworks, 152 Ala. 391, 44 South. 663; Town of New Decatur v. Am. T. & T. Co., 176 Ala. 492, 58 South. 613), or the federal Consti-

tution (Puget Sound T. L. & P. Co. v. Pub. Service Com., 244 U. S. 574, 37 Sup. Ct. 705, 61 L. Ed. 1325; Ga. R. & B. Co. v. Smith, 128 U. S. 174, 9 Sup. Ct. 47, 32 L. Ed. 377; Spring Valley Waterworks v. Schottler, 110 U. S. 347, 4 Sup. Ct. 48, 28 L. Ed. 173; article 1, § 10, Const. U. S.), as applied to such official as defendant.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.