146 So.2d 315

**STATE of Alabama**

**v.**

**Binford TURNER, d/b/a Mutual Credit and Adjustment Company.**

**8 Div. 66.**

Supreme Court of Alabama.

Oct. 25, 1962.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen. and Wm. H. Burton, Asst. Atty. Gen., for appellant.

David U. Patton, Athens, for appellee.

GOODWYN, Justice.

This case involves a construction and application of § 501, Tit. 51, Code 1940, as amended by Act No. 468, appvd. Aug. 31, 1953, Acts 1953, Vol. I, p. 584, prescribing licenses on credit agencies. The statute is as follows:

"Each person inquiring into and reporting upon the credit and standing of persons, firms, or corporations in this state, shall pay to the state a license of two hundred dollars for each place of business maintained in this state, and shall also pay a license of fifty dollars to each county in which such person maintains an office or established place of business, provided, however, that where any person shall pay to the state the license of two hundred dollars for an office which supervises the operations of sub-offices under its jurisdiction, no additional state license shall be due for such sub-office; but shall pay a county license of fifty dollars to each county in which both the main office and each sub-office is located; except that persons, firms, corporations or associations organized and conducted as a local credit reporting company or adjustment bureau, inquiring into and reporting to the wholesale and retail trade of the city where their office is maintained, as such, shall pay to the state a license of fifty dollars and to the county a license of twenty-five dollars in cities of twenty-five thousand inhabitants or more, and in other places, whether incorporated or not, twenty-five dollars to the state and twelve dollars and fifty cents to the county. Provided that this section shall not apply to mutual trade organizations where credit information is exchanged between members at actual cost of service."

During the three license tax years here involved, appellee was engaged in the credit reporting business, and, for that purpose, maintained an office in the City of Athens, in Limestone County. This was his only office. The greater part of such business was confined to the making of credit reports on residents of Athens to businesses located therein. However, some of the business consisted of making reports on such residents to businesses located outside Athens and its police jurisdiction, but within Lime-stone County, and some consisted of making reports on such residents or former residents to businesses located outside Limestone County. The trial court held that appellee was conducting a local credit reporting business, within the meaning of the statute, and was subject to the smaller state license prescribed for such agency and was not subject to the larger state license of $200. The state brings this appeal from that holding.

The statute confines application of the local license to one operating a credit reporting company "inquiring into and reporting to the wholesale and retail trade of the city where [his] office is maintained." Although, during the years here involved, appellee's office was maintained in Athens, at least a part of his business was carried on with clients outside Limestone County. Clearly, the statute does not authorize a local reporting company, maintaining an office in Athens, to make credit reports to businesses located outside Limestone County. (There is no necessity of deciding whether reports to clients within the police jurisdiction of Athens or in other places in Limestone County should be considered part of the business of a local reporting company.)

■ It was the trial court's view that "the doctrine of de minimis non curat lex applies in this case even if some of complainant's credit reporting business was other than local." But that doctrine is not applicable. Here, we are dealing with the construction of a statute involving a question of liability for a license. See: Montgomery Light & Traction Co. v. Avant, 202 Ala. 404, 405, 80 So. 497, 3 A.L.R. 384; 1 Am.Jur.2d, Actions, § 67, p. 497; Anno.: "De minimis non curat lex," 44 A.L.R. 168. The problem is simply one of determining whether appellee confined his business to that of a local reporting company, within the meaning of the statute, subjecting him to the license prescribed therefor, or has carried on his business in such a way as to subject him to the general license.

It is to be noted that the provision prescribing the license for a local credit reporting company is an exception to the prescribed general license and is in the nature of an exemption therefrom. Accordingly, such provision must be strictly construed in favor of the taxing authority. State v. Zewen, 270 Ala. 52, 55, 116 So.2d 373; Republic Steel Corporation v. Horn, 268 Ala. 279, 282, 105 So.2d 446; State v. Bay Towing and Dredging Co., 264 Ala. 187, 189, 85 So.2d 890. Moreover, it seems to us that the exception provision is clear and unambiguous. If a credit reporting company does business in addition to that prescribed for a local credit reporting company, then obviously it is doing other than a local credit reporting business. The statute does not make either the amount of business done or the profitableness of the business a determinant of liability for the license.

The decree appealed from is due to be reversed and the cause remanded for entering of a decree in accordance with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.